UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04    11913 MLW

MAGISTRATE JUDGE Colien

|  |  |
|---|---|
| RENEE MESSANA, PAUL DEMEO, PAUL MESSANA, INDIVIDUALLY AND AS NEXT FRIEND OF RAYMOND MESSANA and ARIANA MESSSANA, Plaintiffs<br><br>v.<br><br>ACRES OF WILDLIFE CAMPGROUND, INC., Defendant | **COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>RECEIPT # 58338<br>AMOUNT $150<br>SUMMONS ISSUED yes<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK. fvm<br>DATE 9/1/04 |

## I.    INTRODUCTION:

1.    This is a complaint for personal injury, negligence, negligent infliction of

emotional distress, loss of consortium, impairment of earning capacity, breach of

warranty of habitability and interference with quiet enjoyment brought by the

Plaintiffs, residents of Everett, Middlesex County, Massachusetts, (hereinafter

"Plaintiffs") against Acres of Wildlife Campground Inc., a Maine corporation with

a principal place of business located at P.O. Box 1230, Lewiston, Maine

(hereinafter "Defendant").                                                    38

The Plaintiffs leased a camp site seasonally from the Defendant, having first

become acquainted with Defendant through friends and attending displays and

offerings of the Defendant at the New England Camping Show at the Bayside

-1-

Expo Center in Boston, Suffolk County, Massachusetts. On July 1, 2002, while in a tent at the Defendant's campsite, a barkless tree located on or adjacent to the site fell and landed on a tent occupied by thirty-seven-year-old Renee Messana causing her severe head trauma, excruciating and ongoing pain, suffering and emotional distress. This injury occurred in the presence of her husband and three children, two of whom were inside the tent when the tree fell.

## II.   JURISDICTION AND OTHER RELEVANT LAW:

2.    This court has jurisdiction of the within matter pursuant to 28 U.S.C, Section 1332. The Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. The facts, as set forth herein, establish that a justiciable controversy exists between the Plaintiffs and the Defendant.

## III.   PARTIES:

3.    Plaintiff, Renee Messana, is an individual with a principal place of residence at 36 Hillside Avenue, Everett, Middlesex County, Massachusetts, where she resides with her husband and three children. She is a citizen of the United States.

4.    Plaintiff, Paul Messana, the husband of Renee Messana, is an individual with a principal place of residence at 36 Hillside Avenue, Everett, Middlesex County, Massachusetts. He is a citizen of the United States.

-2-

5.     Plaintiff, Raymond Messana , the minor child of Renee and Paul Messana, is an individual with a principal place of residence at 36 Hillside Avenue, Everett, Middlesex County, Massachusetts.  He is a citizen of the United States

6.     Plaintiff, Ariana Messana, the minor child of Renee and Paul Messana, is an individual with a principal place of residence at 36 Hillside Avenue, Everett, Middlesex County Massachusetts.  She is a citizen of the United States.

7.     Plaintiff, Paul DeMeo, the son of Renee Messana is an individual with a principal place of residence at 36 Hillside Avenue, Everett, Middlesex County, Massachusetts.  He is a citizen of the United States.

8.     Defendant, Acres of Wildlife Campground, Inc., is a Maine Corporation with a principal place of business at P.O. Box 2, Steep Falls, Cumberland County, Maine.

IV.   FACTS:

9.     In the year 2002,  Plaintiffs were tenants under a seasonal lease with the Defendant at Acres of Wildlife Campground, Inc., campsite #20, Seasonal Otter Rd., Steep Falls, Maine.

10.    The lease period was from May 1, 2002 until October 14, 2002 at the rate of one thousand nine hundred seventy nine ($1,979.50) dollars and fifty cents inclusive of

-3-

a 7% state tax.

11.     On the morning of July 1, 2002, a clear and calm day, at approximately 7:45 a.m.,
        a dead and barkless tree located on or adjacent to the campsite fell onto the tent
        occupied by Plaintiff Renee Messana, Raymond Messana and Ariana Messana in
        the presence of her husband Plaintiff Paul Messana and her sixteen year-old son
        Paul DeMeo.

12.     Paul Messana, the husband of Renee Messana, attempted to assist his wife by
        lifting the tree off of her as she lay unconscious in the tent; while sixteen year old
        Paul DeMeo extricated his younger brother and sister from the tent.

13.     Renee Messana was rushed by ambulance to the Maine Medical Center, 22
        Bramhall Street, Portland, Maine, where she remained in the Intensive Care Unit
        for five days.

14.     Renee Messana was admitted to the Maine Medical Center by Dr. Virginia Eddy,
        who, after viewing x-rays of Ms. Messana, concluded that, "Images through the
        facial bones and corneal reformations reveal multiple severe facial fractures." In
        addition, Renee Messana fractured the base of her skull and received serious injury
        to her sinuses and several fractures to her nasal bones.

15.   Renee Mesanna was released from the Maine Medical Center on Friday, July 5,
      2002 and immediately returned to Massachusetts.  On an emergency basis, the
      following Monday, July 8, 2002, Renee Mesanna was seen by a neurologist, Dr.
      Shapur Ameri, who admitted her to the Boston Medical Center on July 9, 2002
      where she remained until July 11, 2002.

16.   As a result of her severe and extensive injuries Renee Messana has seen eight
      different medical specialists, attended in excess of thirty two medical office
      appointments, received a series of x-rays, CAT scans and underwent two surgeries,
      the most recent being sinus surgery on May 14, 2003.

17.   The massive trauma experienced by Renee Messana has caused her constant head
      pain and left her acutely sensitive to noise and light.  Furthermore, Ms Messana lost
      her sense of taste and hearing in her left ear.

18.   Renee Messana was unable to care for her children ages 4, 6, and 16 or perform
      ordinary household chores for six months.  She remains in pain and impaired
      through this date.

19.   In July of 2003, to perform mother and homemaker chores, Renee Messana's sister,
      Denise DeMeo, left her job in Pennsylvania and came to Renee Messana's home to
      care for her and her children for four months.

20.    As a result of her injuries, Ms. Messana was confined to her room for a period of

       four months and except for medical reasons, Plaintiff Renee Messana was unable to

       leave her home for six months following her injuries.


21.    Ms. Messana cannot tolerate light or noise since being struck.  She is also

       obsessively fearful for her own safety and the safety of her family.


22.    Renee Messana experiences excruciating pain as a result of the devastating head

       and facial fractures she received.  None of these conditions existed prior to being

       struck by the tree.


## COUNT I
## NEGLIGENCE


23.    Plaintiffs repeat, reallge, and incorporate paragraphs 1-22 of this complaint as if

       fully set forth herein.


24.    The Defendant owed the Plaintiffs a duty of reasonable care for those areas that

       were in its exclusive control in and surrounding the campsite leased by the

       Plaintiffs.


25.    The Defendant breached its duty to the Plaintiffs by failing to maintain the premises

       in a safe and reasonable condition so that a dead and barkless tree remained

standing on or adjacent to the camp site and fell onto the tent of Plaintiff Renee
Messana, Raymond Messana and Ariana Messana causing serious bodily harm to
Renee Messana in the presence of her husband and three minor children.

26.     The Defendant knew or should have known that the dead and barkless tree that fell
        on Renee Messana posed a present danger and likelihood of harm to those persons
        on its property and therefore the harm that resulted to the Plaintiff was a reasonable
        foreseeable consequence of the Defendant's act or failure to act.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF HABITABILITY

27.     Plaintiffs repeat, reallge, and incorporate paragraphs 1-26 of this complaint as if
        fully set forth herein.

28.     Implicit in all rental agreements is the requirement that the premises let are fit for
        the purpose intended and that said premises are habitable.

29.     The Plaintiffs leased the subject campsite from the Defendant and as a result of its
        negligent maintenance the premises was in violation of the implied warranty of
        habitability and fitness for the purpose for which it was intended, to wit: a campsite
        maintained in a safe and reasonable manner.

-7-

## COUNT III
### INTERFERENCE WITH QUIET ENJOYMENT OF THE PREMISES

30.    Plaintiffs repeat, reallge, and incorporate paragraphs 1-29 of this complaint as if

fully set forth herein.


31.    The Defendant, Lessor, directly or indirectly interfered with the Plaintiffs, Lessees

quiet enjoyment of the property by failing to maintain the property in compliance

with applicable law.


## COUNT IV
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### RENEE MESSANA

32.    Plaintiff, Renee Messana repeats, realleges, and incorporates paragraphs 1-31 of

this complaint as if fully set forth herein.


33.    Defendant had a duty to maintain the demised premises in a safe and habitable

manner. The injury that resulted to Plaintiff, Renee Messana, caused her severe and

substantial physical harm as well as severe emotional distress.


## COUNT V
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### PAUL DEMEO

34.    Plaintiff, Paul DeMeo repeats, realleges, and incorporates paragraphs 1-33 of this

complaint as if fully set forth herein.

35.    As a result of the negligence of the Defendant, Plaintiff Paul DeMeo suffered
emotional distress.

36.    At the time of the injury Plaintiff Paul DeMeo was sixteen years old and was
standing outside of the tent when the tree fell onto his mother, fracturing her skull
and rendering her unconscious.

37.    Plaintiff Paul DeMeo not only witnessed the tree fall on the tent, but also dragged
his unconscious mother from the tent.

COUNT VI
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
RAYMOND MESSANA

38.    Plaintiff Paul Messana, as next friend of Raymond Messana, repeats, realleges, and
incorporates paragraphs 1-37 of this complaint as if fully set forth herein.

39.    As a result of the negligence of the Defendant, Raymond Messana suffered
emotional distress.

40.    Four year-old Raymond Messana was inside the tent when the tree fell onto his
mother, fracturing her skull and rendering her unconscious.

41.    Raymond Messana, who received minor injuries, witnessed his father, Plaintiff Paul
       Messana lift the tree off of his mother while his brother, Plaintiff Paul DeMeo
       dragged his unconscious  mother from the tent on the morning of July 1, 2002.

COUNT VII
<u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>
PAUL MESSANA

42.    Plaintiff, Paul Messana repeats, realleges, and incorporates paragraphs 1-41 of this
       complaint as if fully set forth herein.


43.    As a result of the negligence of the Defendant, Plaintiff Paul Messana suffered
       emotional distress.


44.    At the time of the injury Plaintiff Paul Messana was in a trailer next to the tent
       where his wife and two young children were sleeping. Mr. Messana  ran to the
       window of the trailer when he heard the loud noise of the falling tree and witnessed
       it fall onto the tent occupied by his wife, and two children Raymond and Ariana.


45.    Plaintiff Paul Messana not only heard the horrifying noise of the tree fall and crush
       his wife's skull but also was anguished over the screams of his small children as he
       lifted the tree off of his wife who was unconscious on the floor of the tent.


COUNT VIII
<u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

-10-

## ARIANA MESSANA

46.  Plaintiff Paul Messana, as next friend of Ariana Messana, repeats, realleges, and
     incorporates paragraphs 1-45 of this complaint as if fully set forth herein.


47.  As a result of the negligence of the Defendant, Ariana Messana suffered emotional
     distress.


48.  Six year-old Ariana Messana was inside the tent when the tree fell onto her mother,
     fracturing her mother's skull and rendering her unconscious.


49.  Ariana Messana witnessed her father, Plaintiff Paul Messana lift the tree off of her
     mother while Plaintiff Paul DeMeo pulled her unconscious mother from the tent.


## COUNT IX
## IMPAIRMENT OF EARNING COMPACITY
### RENEE MESSANA


50.  Plaintiff, Renee Messana repeats, realleges, and incorporates paragraphs 1-49 of
     this complaint as if fully set forth herein.


51.  Plaintiff Renee Messana was a housewife at the time of the injury.  As part of her
     duties she cared for her children, cleaned her home, shopped for food and clothing,
     cooked meals, and attended school and social events with her children.  As a result
     of her injury, she was completely unable to undertake her duties as a mother and

housewife for a period of at least one year..

52.    To date, Plaintiff Renee Messana is unable to perform in the capacity as a

housewife to the same degree she had performed prior to the injury.


### COUNT X
### IMPAIRMENT OF EARNING COMPACITY
### PAUL MESSANA

53.    Plaintiff, Paul Messana repeats, realleges, and incorporates paragraphs 1-52 of this

complaint as if fully set forth herein.


54.    Plaintiff Messana was, and is currently a firefighter for the city of Everett,

Massachusetts.


55.    After his wife was injured he was unable to return to work and lost significant time

from work.


56.    Prior to his wife's injury, Mr. Messana often accepted overtime assignments with

the city of Everett and also worked as a roofer.  Mr. Messana declined this

additional work for a period of approximately six months following his wife's

injury.  Paul Messana had to forego additional income from either offers of

overtime work for the city of Everett and furthermore declined roofing jobs for a

period of at least six months following his wife's injury.

COUNT XI
LOSS OF CONSORTIUM
PAUL MESSANA

57.    Plaintiff, Paul Messana repeats, realleges, and incorporates paragraphs 1-56 of this

complaint as if fully set forth herein.

58.    Plaintiff, Paul Messana, the husband of Renee Messana, was deprived of his

conjugal relationship, companionship, support and intimacy from Renee Messana

for approximately one year following the injury as a result of Defendant's

negligence.

59.    Plaintiff Messana was deprived of his wife's company and society on his weekly

visits to his parents and visiting friends. He was unable to complete his vacation in

Maine in 2002 after the injury.  His family now refuses to go camping, an activity

that he had enjoyed with his family for many years prior to July 1, 2002..

60.    Plaintiff Messana had to assume many of the duties formerly undertaken by his

wife with respect to child care, cleaning and cooking.

COUNT XII
LOSS OF CONSORTIUM
PAUL DEMEO

61.    Plaintiff, Paul DeMeo repeats, realleges, and incorporates paragraphs 1-60 of this

-13-

complaint as if fully set forth herein.

62.     Paul DeMeo, son of Renee Messana, a minor at the time of injury, was deprived of
        his mother's companionship, support, guidance, nurture, society and care as a result
        of the Defendant's negligence.

## COUNT XIII
## LOSS OF CONSORTIUM
## RAYMOND MESSANA

63.     Plaintiff Paul Messana, as next friend of Raymond Messana, repeats, realleges, and
        incorporates paragraphs 1-62 of this complaint as if fully set forth herein.

64.     Raymond Messana, son of Renee Messana, was deprived of his mother's
        companionship, support, guidance, nurture, society and care as a result of the
        Defendant's negligence.

## COUNT XIV
## LOSS OF CONSORTIUM
## ARIANA MESSANA

65.     Plaintiff Paul Messana, as next friend of Ariana Messana, repeats, realleges, and
        incorporates paragraphs 1-64 of this complaint as if fully set forth herein.

66.     Ariana Messana, daughter of Renee Messana, was deprived of her mother's

companionship, support, guidance, nurture, society and care as a result of the

Defendant's negligence.


**WHEREFORE**, the Plaintiffs, Renee Messana, Paul DeMeo, Paul Messana, individually and as next friend of Raymond Messana and Ariana Messsana, demand judgment against the Defendant for the full amount of their damages in such amount as this court may deem proper, together with interest, costs and attorney's fees as follows:

A)   Plaintiff Renee Messana on Counts  I, II, III, IV and VIII.
B)   Plaintiff Paul DeMeo on Counts II, III, V, and XI.
C)   Plaintiff Paul Messana, Individually, on Counts II, III, VII, X, and XI.
D)   Plaintiff Paul Messana, as Next Friend of Raymond Messana on Counts II, III, VI, and XIII.
E)   Plaintiff Paul Messana, as Next Friend of Ariana Messana on Counts II, III, VIII, and XIV.
F)   Any other remedy this Honorable Court deems necessary and just.


### JURY DEMAND

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL COUNTS.


Respectfully submitted,

The Plaintiffs,
By their Attorney,
John W. Collier
200 Monsignor O'Brien Highway
Cambridge, MA 02141
(617) 441-2121 ext. 2
BBO # 092010


Dated: September 1, 2004

-15-

℆JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Renee Messana, Paul DeMeo, Paul Messana, Individually and as Next Friend of Raymond Messana and Ariana Messana

**DEFENDANTS**

Acres of Wildlife Campground, Inc.

(b) County of Residence of First Listed Plaintiff  __Middlesex__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  __Cumberland (ME)__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

John W. Collier
200 Monsignor O'Brien Highway
Cambridge, MA 02141
617-441-2121 X2

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury  Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgement | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)  28 U.S.C 1332

Damages in excess of $75,000.00. Plaintiff Renee Messana sufferred severe injuries to her head, neck and facial bones when a tree in Defendant's campground fell on her while she lay in a tent.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

August 31, 2004

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)   **Messana v. Acres of Wildlife Campground, Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

     ___   I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

     ___   II.      195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

     **X**   III.      110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, <u>360</u>, 362, 365, 370, 371,
                 380, 385, 450, 891.

     ___   IV.      220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

     ___   V.      150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                         YES ☐      NO **X**

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

                                         YES ☐      NO **X**

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                         YES ☐      NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                         YES ☐      NO **X**

7. Do <u>all</u> of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                 YES **X**      NO ☐

        A.     If yes, in which division do <u>all</u> of the non-governmental parties reside?

                 Eastern Division   **X**        Central Division ☐        Western Division ☐

        B.     If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

                 Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                         YES ☐      NO **X**

**(PLEASE TYPE OR PRINT)**

ATTORNEY'S NAME       John W. Collier _____

ADDRESS       200 Monsignor O' Brien Highway Cambridge, MA 02141 _____

TELEPHONE NO.      617-441-2121 X2 _____