UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RENEE MESSANA, PAUL DEMEO, PAUL )
MESSANA, INDIVIDUALLY AND AS NEXT )
FRIEND OF RAYMOND MESSANA AND ARIANA )
MESSANA )
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiffs, 　　　　　　　　)　　Docket No. 04-11913 MLW
　　　　　　　　　　　　　　　　　　　　　　　)
v. 　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
ACRES OF WILDLIFE CAMPGROUND, INC. 　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES the Defendant Acres of Wildlife Campground, Inc., by and through undersigned counsel, and responds to Plaintiffs' Complaint as follows:

**INTRODUCTION**

1.　　Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 1 and therefore denies same.

**JURISDICTION AND OTHER RELEVANT LAW**

2.　　Defendant denies the allegations contained in Paragraph 2.

**PARTIES**

3.　　Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 3 and therefore denies same.

963563.1　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　1

4. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 4 and therefore denies same.

5. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 5 and therefore denies same.

6. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 6 and therefore denies same.

7. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 7 and therefore denies same.

8. Defendant admits the allegations contained in Paragraph 8.

## FACTS

9. Defendant admits the allegations contained in Paragraph 9.

10. Defendant admits the allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 12 and therefore denies same.

13. Defendant admits the allegations contained in Paragraph 13.

14. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 14 and therefore denies same.

15. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 15 and therefore denies same.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 18 and therefore denies same.

19. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 19 and therefore denies same.

20. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 20 and therefore denies same.

21. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 21 and therefore denies same.

22. Defendant denies the allegations contained in Paragraph 22.

## COUNT I

## NEGLIGENCE

23. Defendant repeats and realleges each and every response contained in Paragraphs 1 through 22 as if fully set forth herein.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

WHEREFORE, Defendant demands judgment against Plaintiffs plus costs and for such further relief as this Court may deem appropriate.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF HABITABILITY

27. Defendant repeats and realleges each and every response contained in Paragraphs 1 through 26 as if fully set forth herein.

28. Defendant denies the allegations contained in Paragraph 28.

29.    Defendant denies the allegations contained in Paragraph 29.

## COUNT III
## INTERFERENCE WITH QUIET ENJOYMENT OF THE PREMISES

30.    Defendant repeats and realleges each and every response contained in Paragraphs 1 through 29 as if fully set forth herein.

31.    Defendant denies the allegations contained in Paragraph 31.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## RENEE MESSANA

32.    Defendant repeats and realleges each and every response contained in Paragraphs 1 through 31 as if fully set forth herein.

33.    Defendant denies the allegations contained in Paragraph 33.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## PAUL DEMEO

34.    Defendant repeats and realleges each and every response contained in Paragraphs 1 through 33 as if fully set forth herein.

35.    Defendant denies the allegations contained in Paragraph 35.

36.    Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 36 and therefore denies same.

37.    Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 37 and therefore denies same.

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## RAYMOND MESSANA

38.    Defendant repeats and realleges each and every response contained in Paragraphs 1 through 37 as if fully set forth herein.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 40 and therefore denies same.

41. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 41 and therefore denies same.

## COUNT VII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## PAUL MESSANA

42. Defendant repeats and realleges each and every response contained in Paragraphs 1 through 41 as if fully set forth herein.

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 44 and therefore denies same.

45. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 45 and therefore denies same.

## COUNT VIII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## ARIANA MESSANA

46. Defendant repeats and realleges each and every response contained in Paragraphs 1 through 45 as if fully set forth herein.

47. Defendant denies the allegations contained in Paragraph 47.

48. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 48 and therefore denies same.

49. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 49 and therefore denies same.

## COUNT IX
## IMPAIRMENT OF EARNING CAPACITY
## RENEE MESSANA

50. Defendant repeats and realleges each and every response contained in Paragraphs 1 through 49 as if fully set forth herein.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

## COUNT X
## IMPAIRMENT OF EARNING CAPACITY
## PAUL MESSANA

53. Defendant repeats and realleges each and every response contained in Paragraphs 1 through 52 as if fully set forth herein.

54. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 54 and therefore denies same.

55. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 55 and therefore denies same.

56. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 56 and therefore denies same.

## COUNT XI
## LOSS OF CONSORTIUM
## PAUL MESSANA

57. Defendant repeats and realleges each and every response contained in Paragraphs 1 through 56 as if fully set forth herein.

58. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 58 and therefore denies same.

59. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 59 and therefore denies same.

60. Defendant is without knowledge or information sufficient to form a response to the allegations contained in Paragraph 60 and therefore denies same.

### COUNT XII
### LOSS OF CONSORTIUM
### PAUL DEMEO

61. Defendant repeats and realleges each and every response contained in Paragraphs 1 through 60 as if fully set forth herein.

62. Defendant denies the allegations contained in Paragraph 62.

### COUNT XIII
### LOSS OF CONSORTIUM
### RAYMOND MESSANA

63. Defendant repeats and realleges each and every response contained in Paragraphs 1 through 62 as if fully set forth herein.

64. Defendant denies the allegations contained in Paragraph 64.

### COUNT XIV
### LOSS OF CONSORTIUM
### ARIANA MESSANA

65. Defendant repeats and realleges each and every response contained in Paragraphs 1 through 64 as if fully set forth herein.

66. Defendant denies the allegations contained in Paragraph 66.

### AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint is barred because this Court lacks personal jurisdiction over this Defendant.

963563.1

7

2. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

3. Any injuries or damages sustained by Plaintiffs were the result of the negligence of the Plaintiffs, which negligence was equal to or greater than that of the Defendant.

4. Plaintiffs have failed to mitigate their damages.

5. Plaintiffs' Complaint is barred by the doctrine of assumption of the risk.

6. Plaintiffs' Complaint is barred by the doctrines of estoppel and waiver.

7. Plaintiffs' damages were caused by the new and independent conduct, which conduct the Defendant could neither anticipate nor reasonably foresee and which superceding conduct was not a consequent of Defendant's actions, but which were the efficient cause of the injuries alleged sustained by Plaintiffs.

8. Plaintiffs' Complaint is barred by Maine's recreational use statute, 14 M.R.S.A. §159-A.

9. Plaintiffs' Complaint is barred by the doctrine of release.

DATED at Portland, Maine this 15th day of October, 2004.

_____
Daniel Rapaport, Esq.
Bar No. 412120
Attorney for Defendant
Acres of Wildlife Campground, Inc.

PRETI, FLAHERTY, BELIVEAU, PACHIOS & HALEY, LLC
One City Center
P.O. Box 9546
Portland, ME 04112-9546
TEL: (207) 791-3000