UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RENEE MESSANA, et al., <br>     Plaintiffs <br><br> v. <br><br> ACRES OF WILDLIFE CAMPGROUND, INC., <br>     Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Docket No. 04-11913-MLW |

**PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT**

The Plaintiffs, Renee Messana, et al., hereby move in opposition to Defendant's motion for judgment on the pleadings and/or summary judgment. In support of its motion, Plaintiffs state as follows.

**I.    Introduction**

This complaint, brought by Renee Messana, her husband Paul Messana, her sons Paul DeMeo and Raymond Messana, and her daughter, Ariana Messana (hereinafter "Plaintiffs") against Acres of Wildlife Campground (hereinafter "Defendant"), includes counts for Negligence, Breach of Habitability, Breach of Quiet Enjoyment, Negligent Infliction of Emotional Distress, Impairment of Earning Capacity, and Loss of Consortium. Summary Judgment under Rule 56 (c) of the Federal Rules of Civil Procedure is not proper on any of these counts since examining the evidence in the light most favorable to the Plaintiffs shows that there are genuine issues of material fact, and reasonable persons could not reach just one conclusion.

**II.     Count One: Negligence**

The concept of Negligence includes a land owner's failure to use ordinary care under the circumstances in maintaining the premises. Defendant breached its duty of care when it allowed an unsafe dead tree to remain on the premises, which an ordinary, careful person owning and operating a campground would not have allowed in the same situation.  The breach of this duty caused damages for each Plaintiff, all of whom suffered as a consequence of the Defendant's negligence.  Renee, Raymond, and Ariana were in the tent that was hit by the fallen tree, and were therefore trapped in the broken tent until help arrived and were subsequently freed when a knife was used to cut open the tent.  Renee suffered severe physical injuries of the head and face and Ariana suffered some minor scratches and bruises.  Paul Messana as well as sustaining emotional injuries, lost personal property, to wit: his tent that was destroyed due to Defendant's negligence, and therefore was directly harmed by the negligence of Defendant.  Paul DeMeo has been suffering emotionally since the accident.

**III.    Count Two:  Breach of Implied Warranty of Habitability**

Leases have been held to include an implied warranty of habitability.  When the expected use of the premises is known to the landlord, this warranty provides that the space is safe, livable, and fit for its intended use.  The space referred to covers the dwelling unit and surrounding premises, which may include outdoor areas.  The lease in this case was for Camp Site #20 of the Acres of Wildlife Campground, and this lease should enjoy the same protection as any other lease that creates a landlord and tenant

relationship especially since the landlord knew that the Site would be the lessors' primary residence during the camping season.

IV.     **Count Three:  Interference with Quiet Enjoyment of Premises**

The Claim for interference with quiet enjoyment of the leased premises is based upon the fact that once the dead tree fell onto the Plaintiff's Camp Site, it remained there for a lengthy period of time, constituting an ongoing nuisance and rendering the Site useless to the Plaintiffs.  This interference amounted to a constructive eviction since the premises were no longer able to be used as a camp site, as intended by both the landlord and tenant, and the injured Renee Messana was incapable of availing herself of the right to the premises for the remainder of the leasehold.

V.      **Counts Four through Eight:  Negligent Infliction of Emotional Distress**

Courts have commonly recognized a bystander's claim for NIED if the victim contemporaneously witnesses the accident.  *Cameron v. Pepin*, 610 A.2d 279 (ME. 1992).  In this case, Paul Messana and Paul DeMeo, as indirect victims, contemporaneously witnessed this accident.  Paul Messana actually saw the tree fall and hit the tent where his wife and two small children were sleeping. Paul Messana Deposition pp. 35-36 li. 17-24, li. 1-8.  Paul DeMeo heard the tree falling and hitting other trees, knew his mother and siblings were in the area where the tree was, and arrived at the scene of the accident to see his mother and siblings trapped in the tent.  Courts have also recognized direct victims' claims for NIED when an underlying tort was committed.  Renee, Raymond, and Ariana were all subjects of the Defendant's negligence and as direct victims have suffered emotional distress since their tent was struck.

### VI.     Counts Nine and Ten:  Impairment of Earning Capacity

Renee Messana is still physically and emotionally disturbed because of the accident which took place at the Acres of Wildlife Campground.  It is unclear how much more time will pass before she is able to resume her daily duties such as cooking, cleaning, shopping, and transporting her children, as she had done before the accident.  Until that time, Paul Messana must compensate for his wife's disabilities, and is unable to put in as many hours at his job as he did before the accident.  Therefore both Paul and Renee Messana's earning capacities have been impaired due to Defendant's negligence.

### VII.    Counts Eleven through Fourteen:  Loss of Consortium

In viewing the claim for loss of consortium it is judicially sound and proper to apply the law of the Commonwealth of Massachusetts to these claims.  On the very day of the accident Paul DeMeo, Raymond and Ariana Messana were picked up at the campground and returned to Everett, Massachusetts, to the home of their grandparents where they remained for an extended period of time until they were reunited with their mother in their Everett home.  Deposition of Paul DeMeo p. 19, li. 1-15.

When Renee returned to Massachusetts, her sister left her employment out of state and came to care for Renee who stayed in her room for approximately four months.  It was therefore in Massachusetts, not Maine that the children were deprived of their mothers' society, affection, care and comfort due to the pain and suffering that she was forced to endure as a result of her massive head and facial injuries.

**VIII.    Release Language**

Massachusetts and Maine cases have invalidated exculpatory clauses like the one in the lease before this Court, as against Public Policy in certain situations. These situations exist when 1. the activity is a public service or open to the public; 2. the facility invites persons of every skill level to participate; 3. the facility has the expertise and opportunity to control hazards and guard against negligence; and 4. the facility is in a better position to ensure against risks; and 5. broad releases of liability would remove incentives for the facility to manage risks thereby requiring the public generally to bear the costs. *See Spencer v. Killington, Ltd,* 702 A2nd 35, 36-38 (VT. 1997), where the Court held the entry release form for ski racing was void as against public policy.

**IX.    Conclusion**

Wherefore, the Plaintiffs respectfully request that Defendant's Request for Judgment on the Pleadings and/or Summary Judgment be denied for the aforementioned reasons.

Respectfully submitted,

John W. Collier
Attorney for Plaintiffs
BBO# 092010
200 Monsignor O'Brien Highway
Cambridge, MA  02141
(617) 441-2121 X2