UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RENEE MESSANA, et al.,<br>    Plaintiffs<br><br>v.<br><br>ACRES OF WILDLIFE CAMPGROUND, INC.,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No. 04-11913-MLW |

**PLAINTIFF'S STATEMENT OF DISPUTED MATERIAL FACTS**

1. The intent of Paragraph 5 of the Lease Agreement was that Acres of Wildlife would not be liable for personal injuries sustained as a result of risks inherent to camping and that are ordinarily associated with camping activities, not injuries sustained as a result of the Campground's negligence, and those not assumed at the time of signing the agreement.
2. A tree falling on a tent in a campground is not the type of risk assumed when camping on a leased campsite in non-dangerous weather conditions.
3. The costs associated with safely running a campground may be spread across the entire client base and therefore campers would continue to enjoy a reasonable rate.
4. Paul Messana signed the Lease Agreement in Massachusetts, and returned the Lease to Maine by mail.
5. Paul Messana, by signing the Lease, was not acting as a representative for Renee.
6. During the term of the Messana's tenancy, their dwelling units consisted of two tents on the leased camp site #20.
7. The campsite was no longer habitable after the tree fell on July 1, 2002.
8. The warranty of habitability is implied and therefore needs no guarantee by lessors.
9. There were obvious problems with the campsite regarding habitability issues once the tree fell and remained for a number of days.
10. The warranty of quiet enjoyment is implied and therefore needs no guarantee or agreement by lessors.
11.