UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RENEE MESSANA, PAUL DEMEO, PAUL MESSANA, INDIVIDUALLY AND AS NEXT FRIEND OF RAYMOND MESSANA AND ARIANA MESSANA )<br><br>Plaintiffs, )<br><br>v. )<br><br>ACRES OF WILDLIFE CAMPGROUND, INC. )<br><br>Defendant ) | Docket No. 04-11913 MLW |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT**

The Defendant, Acres of Wildlife Campground, Inc. ("Acres of Wildlife") hereby submits this reply memorandum in support of its motion for judgment on the pleadings and/or summary judgment.

## REPLY

**I.   Defendant's Statement of Material Facts Shall be Deemed Admitted**

As a preliminary matter, the Court should disregard and/or strike Plaintiffs' Statement of Disputed Material Facts. The Federal Rules of Civil Procedure provide:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed R. Civ. P. 56(e). Further, the Local Rules provide:

> Oppositions to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation. Copies of all referenced documentation shall be filed as exhibits to the motion or opposition. Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties.

Local Rule 56.1.

conclusory statements or legal argument, and none of which are supported by affidavits, deposition testimony or other evidence in the record. Further, to the extent the Plaintiffs' Statement is an attempt to controvert specific statements in Defendants' Statement of Undisputed Material Facts ("Defendant's Statement"), it is not clear to which numbered paragraphs of Defendant's Statement Plaintiffs' paragraphs correspond. Therefore, given the absence of supporting record references, the insufficiency of the statements and the fact that many if not all of Defendant's paragraphs were properly controverted, Defendant's statements shall be deemed admitted. See Stonkus v. City of Brockton School Dept., 322 F.3d 97, 102 (1st Cir. 2003); GE Capital Healthcare Financial Services v. Fall River Walk-In Emergency Medical Office, P.C., 2004 WL 40522 * 1 (D.Mass); Brown v. Armstrong, 957 F.Supp. 1293, 1297 (D.Mass. 1997). Otherwise, the Defendants will be greatly prejudiced by the reliance on statements of fact not supported by admissible evidence.

## II. Releases are Enforceable in Maine and in Massachusetts

Whether Maine or Massachusetts law applies, courts in both jurisdictions have upheld releases and/or exculpatory language similar to that contained in the Lease Agreement in this case. Defendant's statement of material facts not only incorporates the language of the lease agreement, but also sets forth the underlying intent of the agreement to the extent there was any question as to the intent to include all claims "however caused." The Messanas have not properly disputed these facts, nor have they submitted affidavits as to the intent and scope of or their understanding of the release language prior to signing the release. The Court simply cannot speculate as to what Plaintiffs' understanding of the lease agreement was and absent any evidence suggesting

otherwise, judgment should be properly entered in favor of Defendant in light of the plain meaning of the lease agreement and undisputed intent as set forth in Defendant's statement of material facts.

### III. Breach of Implied Warranty of Habitability and Earning Capacity Claims

For the reasons stated in Defendant's initial memorandum of law, Defendants respectfully suggest that these Counts fail to state a claim upon which relief may be granted under Maine law. Simply stated, the Maine Supreme Judicial Court has not recognized earning capacity as an independent cause of action, nor has it recognized such a claim for implied warranty of habitability concerning an outdoor campsite. Regardless, Plaintiffs have not set forth specific facts in its statement of material facts giving rise to such a claim. Therefore, judgment on the pleadings should be entered.

DATED at Portland, Maine this 24th day of January, 2006.

/s/ Gregory T. Donoghue, Esq.
Daniel Rapaport, Esq.
Timothy J. Perry, Esq.
Gregory T. Donoghue, Esq.
David J. Ekelund, Jr., Esq.
Attorneys for Defendants

PRETI, FLAHERTY, BELIVEAU, PACHIOS
    & HALEY, LLC
One City Center, P.O. Box 9546
Portland, ME 04112-9546
TEL: (207) 791-3000