## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RENEE MESSANA, PAUL DEMEO, PAUL MESSANA, INDIVIDUALLY AND AS NEXT FRIEND OF RAYMOND MESSANA AND ARIANA MESSANA | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Docket No. 04-11913 MLW |
| | ) | |
| v. | ) | |
| | ) | |
| ACRES OF WILDLIFE CAMPGROUND, INC. | ) | |
| | ) | |
| Defendant | ) | |

### DEFENDANT'S TRIAL BRIEF

Defendant, Acres of Wildlife Campground, Inc. ("Acres of Wildlife") hereby submits this trial brief pursuant to Local Rule 16.5(F).

**A.    Motions in Limine/Evidentiary Issues**

Defendant will file contemporaneously herewith, the following motions:

1.    Motion *in Limine* to Exclude Evidence of Damages that are not Recoverable

In its Order on Defendant's motion for summary judgment, the Court granted Judgment in favor of Defendant on Plaintiffs' NIED claims. Because Paul Messana, Paul DeMeo, Ariana Messana and Raymond Messana cannot recover for these damages, Acres of Wildlife will request that any and all testimony concerning the effect the accident had on these Plaintiffs be excluded as irrelevant pursuant to Fed. R. Evid. 401 and/or unfairly prejudicial pursuant to Fed. R. Evid. 403. Otherwise, there is substantial risk of juror confusion such that they may award damages for these injuries, which are not recoverable.

Defendant also will request that the Court exclude any evidence of claimed injuries of Ariana to her stomach and related stress, which Renee Messana claims were related to

the accident. The Court granted summary judgment on all negligence claims, and the only

viable claim of Ariana is her loss of consortium claim. Therefore, this testimony should be

excluded. See attached Motion *in Limine* to Exclude Evidence on Damages That Are Not

Recoverable and/or Substantiated by Medical Testimony

      2.      Motion *in Limine* to Exclude Evidence of Injuries not substantiated by
medical testimony or records

Defendant will also request that the Court exclude any and all evidence of alleged

injuries sustained by Renee and Paul Messana to the extent there is no medical testimony

or records objectively substantiating the injury and/or substantiating the causal connection

between the injuries and the accident. See attached Motion *in Limine*.

In particular, Ms. Messana testified that she has had memory loss since the

accident. To the extent Ms. Messana intends to claim damages for these injuries, the Court

should exclude such evidence. Plaintiffs have not designated an expert witness on this

issue, nor has Ms. Messana even seen a neurologist or other qualified health care provider

who could opine on this issue. See Local Rule 26.4.

Similarly, Ms. Messana claims to have suffered headaches intermittently since the

accident. Defendant will request that the Court exclude any mentioning of these damages,

unless substantiated by testimony that it is more probable than not that the headaches were

the result of the accident and/or other physical injuries resulting therefrom. See id.

Ms. Messana also claims have suffered sensitivity to light and noise since the

accident. For the same reasons, Defendants respectfully request that this Court exclude

this evidence.

**B.**      **Pretrial Filings**

      1.      Statement of the Claims and Defenses

Please see attached Statement of the Claims and Defenses.

2.  Proposed Voir Dire

Please see attached Proposed Voir Dire.

3.  Request for Jury Instructions

Please see attached Jury Instructions.

4.  Proposed special verdict form.

Please see attached Special Verdict Form.

DATED at Portland, Maine this 31st day of May, 2006.

/s/ Gregory T. Donoghue, Esq.
Daniel Rapaport, Esq.
Timothy J. Perry, Esq.
David J. Ekelund, Jr., Esq.
Gregory T. Donoghue, Esq.
Attorneys for Defendants

PRETI, FLAHERTY, BELIVEAU & PACHIOS
One City Center, P.O. Box 9546
Portland, ME  04112-9546
TEL:  (207) 791-3000

1131088.2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RENEE MESSANA, PAUL DEMEO, PAUL MESSANA, INDIVIDUALLY AND AS NEXT FRIEND OF RAYMOND MESSANA AND ARIANA MESSANA | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Docket No. 04-11913 MLW |
| | ) | |
| v. | ) | |
| | ) | |
| ACRES OF WILDLIFE CAMPGROUND, INC. | ) | |
| | ) | |
| Defendant | ) | |

### DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DAMAGES THAT ARE NOT RECOVERABLE AND/OR SUBSTANTIATED BY MEDICAL TESTIMONY

Defendant, Acres of Wildlife Campground, Inc. ("Acres of Wildlife") hereby moves *in Limine* to exclude evidence of damages that are not recoverable and/or that are not substantiated by medical testimony.

**A.      Evidence of Damages Not Recoverable**

In its Order on Defendant's motion for summary judgment, the Court granted Judgment in favor of Defendant on Plaintiffs' NIED claims.  Because Paul Messana, Paul DeMeo, Ariana Messana and Raymond Messana cannot recover under a theory of NIED, Acres of Wildlife hereby requests that any and all testimony concerning the effect the accident had on these Plaintiffs be excluded as irrelevant pursuant to Fed. R. Evid. 401 and/or in any event unfairly prejudicial pursuant to Fed. R. Evid. 403.  Otherwise, there is substantial risk of juror confusion such that they may inappropriately award damages for these injuries, which are not compensable.

The Court also granted summary judgment in favor of Defendant on the negligence claims of Paul DeMeo, Ariana and Raymond. Accordingly, Defendant requests that the Court exclude any evidence of claimed injuries of Ariana to her stomach and emotional distress proximately caused thereby, which Renee Messana claims were related to the accident. Likewise, the Court should exclude evidence of all other injuries other than loss of consortium, allegedly sustained by Plaintiffs other than Renee and Paul Messana.

**B.    Injuries not substantiated by medical testimony or records**

Defendant also requests that the Court exclude any and all evidence of alleged injuries sustained by Renee and Paul Messana to the extent there is no medical testimony and/or records substantiating the causal connection between the injuries and the accident.

In particular, Ms. Messana testified that she has had memory loss since the accident. To the extent Ms. Messana intends to claim damages for these injuries, the Court should exclude such evidence. Plaintiffs have not designated an expert witness on this issue, nor has Ms. Messana even seen a neurologist or other qualified health care provider who could opine on this issue. See Local Rule 26.4. As the Court is well aware, these issues of causation and damages require medical testimony by an expert qualified to render an opinion on these issues, who can testify that Ms. Messana in fact sustained memory loss (as opposed to a subjectively perceived injury). The physician must opine that it is more probable than not that Ms. Messana suffered these injuries as a result of the accident. See Merriam v. Wanger.

Similarly, Ms. Messana claims to have suffered headaches intermittently since the accident. Defendant requests that the Court exclude any mentioning of these damages, unless appropriately diagnosed and/or documented by a qualified health care provider and

if substantiated by testimony by a qualified health care provider that it is more probable than not that the headaches were the result of the accident and/or other physical injuries resulting therefrom.

Ms. Messana also claims to have suffered sensitivity to light and noise since the accident.  Absent medical testimony objectively substantiating these symptoms, and medical testimony that it is more probable than not that Ms. Messana's sensitivity to light and noise is causally related to the accident, on these issues, the jury would be speculating and guided only by the self-serving testimony of Renee Messana.

### CONCLUSION

In light of the foregoing, Defendant requests that the foregoing evidence be excluded from trial.

DATED at Portland, Maine this 31st day of May, 2006.

/s/ Gregory T. Donoghue, Esq.
Daniel Rapaport, Esq.
Timothy J. Perry, Esq.
David J. Ekelund, Jr., Esq.
Gregory T. Donoghue, Esq.
Attorneys for Defendants

PRETI, FLAHERTY, BELIVEAU& PACHIOS
One City Center, P.O. Box 9546
Portland, ME  04112-9546
TEL:  (207) 791-3000

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RENEE MESSANA, PAUL DEMEO, PAUL MESSANA, INDIVIDUALLY AND AS NEXT FRIEND OF RAYMOND MESSANA AND ARIANA MESSANA | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Docket No. 04-11913 MLW |
| | ) | |
| v. | ) | |
| | ) | |
| ACRES OF WILDLIFE CAMPGROUND, INC. | ) | |
| | ) | |
| Defendant | ) | |

## DEFENDANT'S PROPOSED STATEMENT OF THE CLAIMS AND DEFENSES FOR JURY EMPANELMENT

In this case, while camping at Defendant's campground in Steep Falls, Maine, Renee Messana was hit by a tree that fell from a wooded area of the campground, and sustained personal injuries. Renee and her husband, Paul Messana, claim that the Defendant was negligent and that the Defendant's negligence proximately caused them to sustain physical and emotional injuries, as well as incur other damages, including emotional distress. Because Plaintiffs allege that Renee Messana had suffered physical and emotional injuries which have in turn affected her relationships with her family, each of her children, Paul DeMeo, Raymond Messana and Ariana Messana, and her husband, have asserted claims for loss of consortium. The Defendant campground believes that it was not negligent in this case, and that in any event, some of the injuries alleged were not caused by the accident.

/s/ Gregory T. Donoghue, Esq.
Daniel Rapaport, Esq.
Timothy J. Perry, Esq.
David J. Ekelund, Jr., Esq.
Gregory T. Donoghue, Esq.
Attorneys for Defendants


PRETI, FLAHERTY, BELIVEAU & PACHIOS
One City Center, P.O. Box 9546
Portland, ME  04112-9546
TEL:  (207) 791-3000

1131089.2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RENEE MESSANA, PAUL DEMEO, PAUL MESSANA, INDIVIDUALLY AND AS NEXT FRIEND OF RAYMOND MESSANA AND ARIANA MESSANA, | ) ) ) ) ) | |
| Plaintiffs | ) ) | Docket No. 04-11913 MLW |
| v. | ) ) ) | |
| ACRES OF WILDLIFE CAMPGROUND, INC., | ) ) ) | |
| Defendant | ) | |

## DEFENDANT'S PROPOSED VOIR DIRE

1.    Have you, a close friend, or a family member ever made a claim or considered making a claim against any property owner?

2.    Have you or anyone close to you ever had an experience related to a campground or other property owner that might influence your ability to serve as an impartial juror in this case?

3.    Have you or anyone close to you ever had an experience involving the State of Maine that might influence your ability to serve as an impartial juror in this case?

4.    Do you have any training or experience in owning or renting property or with camping?

5.    Is any member of your family or any close friend a campground owner?

6.    Do you feel that simply because a person brings a lawsuit that he or she is entitled to recovery?

1

1131266.2

7.    If the evidence is such that the only proper verdict would be in favor of the Defendant campground, would you be able to vote in favor of it and send the Plaintiffs home with nothing?

8.    Have you any reason why you would not be able to fairly and objectively be a juror in a case involving a campground?

9.    Are you acquainted with or do you have any knowledge about this case?

10.    This case involves a woman who sustained a skull fracture. Does that present any reason why you would not be able to fairly and objectively serve as a juror in this case?

11.    If you or anyone close to you has ever had a skull fracture or had sinus problems, do you think that might affect your ability to be an impartial juror in this case?

12.    Do you know the Plaintiffs or any members of their family?

13.    Do you know anyone who has ever stayed or worked at the Acres of Wildlife Campground in Steep Falls, Maine?

14.    The following is a list of persons who may be called to testify in this matter. Please indicate whether you know any of these people:

> Renee Messana, Everett, Massachusetts
> Paul Messana, Everett, Massachusetts
> Paul DeMeo, Tampa, Florida
> Denise DeMeo, Tampa, Florida
> Michael Furbish, Saugus, Massachusetts
> Josephine Messana, Everett, Massachusetts
> Jennifer Lauretti, Ph.D., Newton, Massachusetts
> Mark Varvares, M.D., St. Louis, Missouri
> Elaine Baptista Burnham, Steep Falls, Maine
> Michael Baptista, Steep Falls, Maine
> Manuel Baptista, Steep Falls, Maine
> Maria Baptista, Steep Falls, Maine

2

15.    Do you know of any reason why you could not render a verdict in favor of Acres of Wildlife Campground?

16.    In this case, Ms. Messana claims that she suffered and continues to suffer emotional distress as a result of the accident in this case.  Is there any reason why you would not be able to fairly and objectively serve as a juror in this case because of this claim?

DATED at Portland, Maine this 31st day of May, 2006.


                                        /s/ Gregory T. Donoghue, Esq.
                                        Daniel Rapaport, Esq.
                                        Timothy J. Perry, Esq.
                                        David J. Ekelund, Jr., Esq.
                                        Gregory T. Donoghue, Esq.
                                        Attorneys for Defendants


PRETI, FLAHERTY, BELIVEAU & PACHIOS
One City Center, P.O. Box 9546
Portland, ME  04112-9546
TEL:  (207) 791-3000

3

1131266.2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RENEE MESSANA, PAUL DEMEO, PAUL MESSANA, INDIVIDUALLY AND AS NEXT FRIEND OF RAYMOND MESSANA AND ARIANA MESSANA, | ) ) ) ) | |
| Plaintiffs | ) ) | Docket No. 04-11913 MLW |
| v. | ) ) | |
| ACRES OF WILDLIFE CAMPGROUND, INC., | ) ) | |
| Defendant | ) ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

<u>INDEX</u>:
(Copies of proposed instructions annexed hereto.)

1.    Evidence to be Considered

2.    General Witness Evaluation

3.    Expert Witness

4.    Burden of Proof – Preponderance of the Evidence

5.    All Entities Equal Before the Law

6.    Negligence

7.    Negligence: Defined

8.    Negligence: Duty of Property Owner

9.    No Inference from Injury or Loss Alone

10.   Burden/Causation

11.   Causation: Proximate Cause/Legal Cause

12.   Intervening Event Instruction

13.   Damages

14.    Damages:  No Punitive Damages

15.    Damages:  No Speculation

16.    Duty to Mitigate Damages

DATED at Portland, Maine this 31st day of May, 2006.

/s/ Gregory T. Donoghue, Esq.
Daniel Rapaport, Esq.
Timothy J. Perry, Esq.
David J. Ekelund, Jr., Esq.
Gregory T. Donoghue, Esq.
Attorneys for Defendants

PRETI, FLAHERTY, BELIVEAU & PACHIOS
One City Center, P.O. Box 9546
Portland, ME  04112-9546
TEL:  (207) 791-3000

1131231.2

Renee Messana v. Acres of Wildlife Campground

Docket No. 04-11913-LTS

Defendant's Proposed Jury Instruction No. 1

## EVIDENCE TO BE CONSIDERED

The evidence in this case consists of:

-The sworn testimony of the witnesses, regardless of who may have called them;

-all exhibits received in evidence, regardless of who may have produced them;

-all facts which have been admitted or stipulated;

-and all facts and events which have been judicially noticed.

Remember that the value of evidence is not who produced that evidence, but what that evidence has to add to the matter you are considering.

Any evidence as to which an objection was sustained by the court and any evidence which you were directed to disregard, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

Also, statement and arguments of counsel are not evidence.

You are to consider only the evidence in this case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proven, such reasonable inferences as you believe are justified in light of your own common sense and personal experience.

Alexander, <u>Maine Jury Instruction Manual</u>, 4th ed., §6-10 (2001).

11312231.2

Renee Messana v. Acres of Wildlife Campground

Docket No. 04-11913-LTS

Defendant's Proposed Jury Instruction No. 2

## GENERAL WITNESS EVALUATION

You are the judges of whether to believe the witnesses and of how important their testimony is.

Carefully examine all the testimony, the circumstances under which each witness testified, and everything in evidence which tends to show whether a witness should be believed or not. Consider each witness's intelligence, motive, and state of mind, and how they appeared while on the stand. Consider the witness's ability to observe the matters testified about, and whether they appear to have an accurate recollection of these matters. Consider any interest a witness may have in the case, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, sometimes happens. In weighing the effect of any discrepancy, always consider whether it relates to an important issue or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, give the testimony of each witness such significance, if any, as you think it deserves.

Alexander, Maine Jury Instruction Manual, 4th ed., §6-24 (2003).

1131231.2

Renee Messana v. Acres of Wildlife Campground

Docket No. 04-11913-LTS

Defendant's Proposed Jury Instruction No. 3

## EXPERT WITNESS

Witnesses who are presented as expert witnesses due to their education and/or experience in some area may state their opinions as to matters in which they profess to be expert. They may also state their reasons for the opinion.

You should consider the expert opinions presented and give them such weight as you think they deserve. If you find that an expert witness opinion is not based upon sufficient education and experience, or if you find that the facts or reasons given in support of the opinion are not sound, or if you believe that it is outweighed by other evidence, you may disregard the opinion.

An expert witness's testimony should be treated like any other testimony. You alone decide how much of a witness's testimony you believe, and how much weight any testimony should be given.

Alexander, <u>Maine Jury Instruction Manual</u>, 4th ed., §6-20 (2003).

Renee Messana v. Acres of Wildlife Campground

Docket No. 04-11913-LTS

Defendant's Proposed Jury Instruction No. 4

### BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

The burden is on the plaintiff in a civil action to prove each element of their claim by a preponderance of the evidence.

To "establish by a preponderance of the evidence" means to prove that something is more likely than not. In other words, a preponderance of the evidence means evidence which, after evaluating all the evidence presented to you, makes you believe what is sought to be proved is more likely true than not true.

In determining whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Alexander, Maine Jury Instruction Manual, 4th ed., §7-10 (2001).

Renee Messana v. Acres of Wildlife Campground

Docket No. 04-11913-LTS

Defendant's Proposed Jury Instruction No. 5

## ALL ENTITIES EQUAL BEFORE THE LAW

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A campground is entitled to the same fair trial at your hands as a private individual. All persons and health care providers stand equal before the law, and are to be dealt with as equals in a court of justice.

Alexander, <u>Maine Jury Instruction Manual</u>, 4th ed. §7-3 (2001).

1131231.2

Renee Messana v. Acres of Wildlife Campground

Docket No. 04-11913-LTS

Defendant's Proposed Jury Instruction No. 6

## NEGLIGENCE:  ELEMENTS

      In order to prove negligence, the plaintiff must prove by a preponderance of the evidence  the following facts for each defendant:  first, that the defendant was negligent, and second, that the defendant's negligence was a proximate cause of the plaintiff's injury and consequent damages.

Alexander, <u>Maine Jury Instruction Manual</u>, 4th ed., §7-61 (2003).

Renee Messana v. Acres of Wildlife Campground

Docket No. 04-11913-LTS

Defendant's Proposed Jury Instruction No. 7

## NEGLIGENCE:  DEFINED

Negligence is (1) doing something which an ordinary, careful person would not do, or (2) failure to do something which an ordinary, careful person would do, or (3) allowing or continuing on the premises a condition which an ordinary, careful person would not allow or continue on the premises in the same situation.  It is, in other words, the failure to use ordinary care under the circumstances in maintaining the premises, considering all of the evidence in the case.

In evaluating the question of negligence in this case, if you find that there was a condition of the premises which created a risk of injury to persons using the premises and you find that the condition was or should have been apparent to persons on the premises, then you should recognize the following:

Even if a condition of the premises which creates a risk of injury is or should be apparent to persons on the premises, the owner of the premises has a duty to warn of or take other reasonable action to correct or avoid the condition if the owner should anticipate that persons using the premises will nevertheless encounter the condition because it is advantageous to do so [or because the person is likely to be distracted].

Alexander, Maine Jury Instruction Manual, 4th Ed. §7-27 (2001).

1131231.2

Renee Messana v. Acres of Wildlife Campground

Docket No. 04-11913-LTS

Defendant's Proposed Jury Instruction No. 8

## NEGLIGENCE – DUTY OF PROPERTY OWNER

Owners of property are not required to guarantee the absolute safety of their premises.

They are not insurers.

Their duty is to use ordinary care to ensure that the premises are reasonably safe guarding against all reasonably foreseeable dangers, in light of the totality of the circumstances.

Hanson v. Madison Paper Co., 564 A.2d 1178 (Me. 1989).

Renee Messana v. Acres of Wildlife Campground

Docket No. 04-11913-LTS

Defendant's Proposed Jury Instruction No. 9

## NO INFERENCE FROM INJURY OR LOSS ALONE

The mere fact that an injury occurred, by itself, does not permit you to draw any inference that the injury was caused by negligence or by anyone's fault.

Alexander, <u>Maine Jury Instruction Manual</u>, 4th ed., § 7-60 (2003).

1131231.2

Renee Messana v. Acres of Wildlife Campground

Docket No. 04-11913-LTS

Defendant's Proposed Jury Instruction No. 10

## BURDEN/CAUSATION

In an action to recover damages for alleged negligence, the plaintiff has the burden of proving by a preponderance of the evidence, not only some act of negligence, but that the negligent act proximately caused the damage for which recovery is sought.

If it is just as likely that injury was not caused by the defendant's fault as it is that it was caused by the defendant's fault, then you must return a verdict in favor of the defendant.

Merriam v. Wanger, 2000 ME 159, 757 A.2d 778 (Me. 2000), Feely v. Morton, 99 A.2d 285, 287, 149 Me. 199, 122 (1953); Josselyn v. Dearborn, 62 A.2d 174, 176, 143 Me. 328, 311 (1948); Field v. Webber, 169 A.2d 732, 735, 132 Me. 236, 241 (1933), 30 Am. Jr.2d EVIDENCE §1154.

Renee Messana v. Acres of Wildlife Campground

Docket No. 04-11913-LTS

Defendant's Proposed Jury Instruction No. 11

## CAUSATION:  PROXIMATE CAUSE-LEGAL CAUSE

An injury or damage is legally caused by an act, or by a failure to act, whenever the act or failure to act played a substantial part in bringing about or actually causing the injury or damage; **_and_** the injury or damage was either a direct result, or a reasonably foreseeable consequence of the act or failure to act.

In other words, there must be a direct connection between any injuries that the plaintiff might have suffered as a result of his contact with the defendant, and the act or failure to act of the defendant, in order for the defendant to be liable.

Proximate cause is that cause which, in natural and continuous sequence, produces the injury, and without which the result would not have occurred.

The mere possibility of such causation is not enough, and when the matter remains one of pure speculation or conjecture, or even if the probabilities are evenly balanced, the defendant is entitled to a judgment.

Proximate cause is cause that is unbroken by an efficient intervening cause.

An injury or damage is a *direct result* of an act of failure to act when that act or failure to act starts an event or chain of events which inevitably leads to the injury or damage.  This is an objective test:  Did the act of failure to act start events which made the injury or damage inevitable, regardless of whether the injury or damage could have been foreseen?

An injury or damage is a reasonably foreseeable consequence of an act or failure to act when that act or failure to act creates a risk which might reasonably be expected to result in the injury or damage in question, even though the exact person injured or the exact nature of the injury need not, itself, be foreseeable.  This is a subjective test:  Could the injury or damage reasonably have been foreseen to result from the risk created by the act or failure to act?

Alexander, <u>Maine Jury Instruction Manual</u>, 4th ed. §7-80 (2001).

1131231.2

Renee Messana v. Acres of Wildlife Campground

Docket No. 04-11913-LTS

Defendant's Proposed Jury Instruction No. 12

## INTERVENING EVENT INSTRUCTION

An injury or damage may have more than one legal cause.  Two or more persons may act either independently or together to cause injury or damage, and in such a case each may be a legal cause.

If you find that the plaintiff has proven by a preponderance of the evidence that the defendant was negligent, but you also find that the defendant has proven by a preponderance of the evidence that the injury or damage to the plaintiff was caused by a subsequent independent intervening event, and that the defendant's negligence was not a legal cause of plaintiff's injury or damage, then you must find for the defendant.

An independent intervening event is an unforeseeable, intervening act or force that breaks the causal connection between the negligence attributed to the defendant and the injury in question.  It is an event that could not have been foreseen by an ordinary, careful person standing in the position of the defendant, under all the circumstances shown by the evidence in this case.  The new intervening event or events must not be the consequence or the natural result of the original act or failure to act by the defendants. The defendant is not relieved from responsibility for acts or failure to act, unless the intervening cause is both new and independent, sufficient of itself to stand as the cause of the injury, breaking the causal connection to the defendant's negligence.

Alexander, Maine Jury Instruction Manual, 4th ed., §7-83 (2001).

1131231.2

Renee Messana v. Acres of Wildlife Campground

Docket No. 04-11913-LTS

Defendant's Proposed Jury Instruction No. 13

## DAMAGES

I am now going to state instructions regarding damages. However, instructions as to the proper measure of damages do not suggest any view as to which party is entitled to your verdict in this case. Damages instructions are given for your guidance, in the event you find in favor of the plaintiff by a preponderance of the evidence in accordance with the liability instructions.

You must not make a compromise between the liability and damages issue. You must determine the liability issue first. You should proceed to the damages issue only if you have determined that any defendant's liability is proven.

Any damages you award in this case must be based upon the evidence and on a finding by you that the plaintiff has convinced you by a preponderance of the evidence that he has been damaged as he claims to have been damaged. Damages may not be awarded on the basis of guesswork or speculation, nor on the basis of passion, prejudice or sympathy.

If you find a party is entitled to recover damages, you must render a verdict in a sum which will justify and fairly compensate for the losses resulting from the injuries sustained.

Alexander, <u>Maine Jury Instruction Manual</u>, 4th ed., §7-101 (2003).

Renee Messana v. Acres of Wildlife Campground

Docket No. 04-11913-LTS

Defendant's Proposed Jury Instruction No. 14

## DAMAGES:  NO PUNITIVE DAMAGES

You are instructed that if you should find the plaintiff entitled to damages, in fixing the amount of your award, you may not include in, or add to an otherwise just award, any sum for the purpose of punishing the defendant, or to serve as an example of warning for others.  Nor may you include in your award any sum for court costs or attorney's fees.

Federal Jury Instruction, §85.10 (1977).

1131231.2

Renee Messana v. Acres of Wildlife Campground

Docket No. 04-11913-LTS

Defendant's Proposed Jury Instruction No. 15

## DAMAGES:  NO SPECULATION

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

Gottesman & Co. v. Terminal Co., 139 Me. 90, 94; Lawson v. McLeod, 152 Me. 67, 69-70; 22 Am. Jur.2d Damages, §23-25.

1131231.2

Renee Messana v. Acres of Wildlife Campground

Docket No. 04-11913-LTS

Defendant's Proposed Jury Instruction No. 16

## DUTY TO MITIGATE DAMAGES

A person who has been injured or suffered a loss has a duty to exercise reasonable care to reduce the extent of the injuries or damages resulting from the injury and to take such steps as are reasonable and prudent to effect a cure, or the reduction of their severity.

Where an obligation to reduce damages is asserted, the damages that otherwise would be awarded to the plaintiff may be reduced where the defendant proves, by a preponderance of the evidence (a) that plaintiff could have reduced his damages, and (b) the amount by which damages that would otherwise be awarded to the plaintiff should be reduced because of plaintiff's failure to reduce damages.

Alexander, Jury Instruction Manual, 4th ed. §7-104 (2003).

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RENEE MESSANA, PAUL DEMEO, PAUL MESSANA, INDIVIDUALLY AND AS NEXT FRIEND OF RAYMOND MESSANA AND ARIANA MESSANA, | ) ) ) ) |
| Plaintiffs | ) ) ) Docket No. 04-11913 MLW |
| v. | ) ) ) |
| ACRES OF WILDLIFE CAMPGROUND, INC., | ) ) ) |
| Defendant | ) |

### DEFENDANT'S PROPOSED SPECIAL VERDICT FORM

1.    Was Defendant Acres of Wildlife Campground negligent?

    YES_____        NO_____

If your response to Question 1 was "NO," answer no more questions.  If your response to Question 1 was "YES," please respond to Question 2.

2.    Was Defendant Acres of Wildlife Campground's negligence the proximate cause of the injuries to the Plaintiffs?

    YES_____        NO_____

If you answered "YES" to Questions 1 and 2 or "YES," please proceed to Question 3.

3.    What do you find to be the Plaintiffs' damages?

Reasonable value of Renee Messana's damages                $_____

Reasonable value of Paul Messana's damages                $_____

4.    Did Paul DeMeo suffer loss of consortium?

    If you answered "yes" to Question 4, please proceed to Question 5.

5.    What do you find to be Paul DeMeo's reasonable damages?    $_____

6.    Did Raymond Messana suffer loss of consortium?

    If you answered "yes" to Question 6, please proceed to Question 7.

7.   What do you find to be Raymond Messana's reasonable damages? $_____

8.   Did Ariana Messana suffer loss of consortium?

     If you answered "yes" to Question 8, please proceed to Question 9.

9.   What do you find to be Ariana Messana's reasonable damages?   $_____


DATED: _____                    _____
                                                       FOREPESRON



     DATED at Portland, Maine this 31st day of May, 2006.


                              /s/ Gregory T. Donoghue, Esq.
                              Daniel Rapaport, Esq.
                              Timothy J. Perry, Esq.
                              David J. Ekelund, Jr., Esq.
                              Gregory T. Donoghue, Esq.
                              Attorneys for Defendants


PRETI, FLAHERTY, BELIVEAU & PACHIOS
One City Center, P.O. Box 9546
Portland, ME  04112-9546
TEL:  (207) 791-3000


1131284.2