UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RENEE MESSANA, et al., )<br>    Plaintiffs )<br>)<br>v. )<br>ACRES OF WILDLIFE CAMPGROUND, INC., )<br>    Defendant )<br>) | Docket No. 04-11913-MLW |

**PLAINTIFF'S TRAIL BRIEF**

Pursuant to Local Rule 16.5 (F), the Plaintiffs submit this Trial Brief.

   (a)   Foreseeable disputes concerning evidentiary issues:

       (1)   Motion in limine:  Plaintiffs will submit a Motion in limine to prevent the introduction of the release language as contained in paragraph 5 of the 2002 lease between the parties since such language has already been determined inapplicable as a release of Defendant's liability.

   (b)   Jury Trial:

(1) This is a case of negligence alleging that the defendants breached their duty of due care when they failed to cut down a dead tree on their property that fell on the Plaintiff and caused multiple and severe injury. The defendants deny that they were negligent.

(2) Proposed questions for the voir dire examinations of the jury:

1. Have you or a close family member ever been a defendant in a personal injury lawsuit?
2. Have you or a close family member ever owned a business?
3. Do you think there should be a limitation on the recovery of a person who is injured?
4. Do you believe minor children are entitled to compensation when their parent is injured?

    5. Do you believe a spouse is entitled to compensation when their spouse is injured?

(3) Requests for instructions to the jury, with citation to supporting authority:

Please see attached Proposed Jury Instructions.

1. Negligence: Dangerous condition of premises
2. Loss of Consortium
3. Loss of Consortium/Parental Society
4. Proximate Cause
5. Proximate Cause
6. Damages: General
7. Damages: Capacity to Enjoy Life
8. Damages: Medical Expenses
9. Damages: Fair Value of Medical Services
10. Damages: Loss of Past Earnings
11. Damages: Loss of Past Earnings

DATED:  May 31, 2006

Respectfully submitted,
The Plaintiffs,
By their attorney

*/s/ John W. Collier*
John W. Collier
200 Monsignor O'Brien Highway
Cambridge, MA  02141
617-441-2121
BBO# 092010

**CERTIFICATE OF SERVICE**

      I, John W. Collier, hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 31, 2006.

                                        */s/ John W. Collier*
                                        John W. Collier, Esq.

Renee Messana v. Acres of Wildlife Campground
Docket No: 04-11913
Plaintiff's Proposed Jury Instructions No. 1

**Negligence:  Dangerous Condition of Premises**

Negligence is (1) doing something that an ordinary, careful person would not do, or (2) failure to do something that an ordinary, careful person would do, or (3) allowing or continuing on the premises an unsafe condition that an ordinary, careful person would not allow or continue on the premises in the same situation.  It is, in other words, the failure to use ordinary care under the circumstances in maintaining the premises, considering all of the evidence in the case.  (Maine Jury Instruction Manual, Fourth Edition).

Renee Messana v. Acres of Wildlife Campground
Docket No: 04-11913
Plaintiff's Proposed Jury Instructions No. 2

**Loss of Consortium**

If you find for the Plaintiff on the question of liability, you may, in considering damages, award an amount which will compensate Plaintiff for any loss of consortium which the evidence establishes was suffered as a direct result of the Defendant's act. "Consortium" means more than a mere deprivation of sexual relations. It includes affection, solace, comfort, companionship, conjugal life, fellowship, society, and all the assistance that accompanies the marriage relationship. (Scott v. Jansson, 257 ARK. 410, 516 S.W.2nd 589 (1974)). (Minkley v. MacFarland, 371 MA. 891, 356 N.E.2nd 1391 (1976)).

Renee Messana v. Acres of Wildlife Campground
Docket No: 04-11913
Plaintiff's Proposed Jury Instructions No. 3

**Loss of Consortium/Parental Society**

The Plaintiff's minor children have a claim to recover for the damages they have suffered as a result of the Defendant's negligence.

This type of claim is called Loss of Parental Society and it allows recovery to the child of a physically injured person caused by the negligence of a third person.

This really means a right which grows out of the relationship between parent and child.  It is a right to enjoy the society and companionship and the affection as part of the parent-child relationship.

Therefore, if you find as a result of the Defendant's act or omission the Plaintiff's children have suffered or are reasonably certain to suffer in the future a loss of parental society; you should fairly and reasonably

compensate them for their loss.  On the question you may consider:

1. The loss of companionship and society;
2. loss of comfort, solace, or moral support;
3. any restrictions on social or recreational life; and
4. basically any deprivation of the full enjoyment of the parent child relationship.

You must make your determination as to whether there was a loss of consortium and if so, the amount, based on your common sense, good judgment, experience, and conscience. There is no special formula or rule to measure a fair amount to measure for loss of consortium.

(<u>Ferriter v. Daniel O'Connell's Sons, Inc</u>. 413 N.E.2nd 690, 692-96 (1980)).  (<u>Diaz v. Eli Lilly & Co</u>.  364 MA 153, 160, 302 N.E.2nd 555, 559-60 (1973)).  (<u>Rodgers v. Bointon</u>, 315 MA 279, 281, 52 N.E.2nd 576, 577 (1943)).

Renee Messana v. Acres of Wildlife Campground
Docket No: 04-11913
Plaintiff's Proposed Jury Instructions No. 4

**Proximate Cause**

If you find, from the evidence that the Defendant's conduct was the proximate cause of the Plaintiff's injury, that is, had the Defendant used reasonable care, then the Plaintiff would not have suffered the injury, then you will find for the Plaintiff. (Wheeler v. White, 1998 ME 137, 714 A.2nd 125, (1998)).

Renee Messana v. Acres of Wildlife Campground
Docket No: 04-11913
Plaintiff's Proposed Jury Instructions No. 5

**Proximate Cause**

A proximate clause is defined by the law as a cause which, in natural or continuance sequence, unbroken by any efficient or intervening cause, produces the injury and without which, the injury would not have occurred. (<u>Clinchfield Coal Co. v. District 28, United Mine Workers</u>, 720 F.2nd 1365 (4th Cir. 1983)).

Renee Messana v. Acres of Wildlife Campground
Docket No: 04-11913
Plaintiff's Proposed Jury Instructions No. 6

**Damages: General**

If you find for the Plaintiff on the question of liability, you then must determine the amount of money which will fairly compensate the Plaintiff for those elements of damage which were proven by the evidence to have resulted from the Defendant's act. You may consider:

1. The nature and extent of her injuries;

2. Whether those injuries are temporary or permanent;

3. The physical pain and mental suffering experienced and reasonable certain to be experienced in the future as a result of those injuries;

4. The value of lost time and loss of impairment and earning capacity;

5. The reasonable expense of necessary medical care, treatment, and services;

6. Disfigurement or deformity resulting from the injuries;

(Blank v. Alexander, 152 F.3rd 1224 (10th Cir. 1998)).

Renee Messana v. Acres of Wildlife Campground
Docket No: 04-11913
Plaintiff's Proposed Jury Instructions No. 7

**Damages: Capacity to enjoy life**

In considering your award of damages, if you have occasion to do so, it is proper for you to consider any evidence tending to show that, as a result of an occurrence the subject of this action, the Plaintiff's capacity to enjoy life has been diminished. (Thompson v. Nat'l R.R. Passenger Corp., 621 F.2nd 814 (6th Cir. 1980)).

Renee Messana v. Acres of Wildlife Campground
Docket No: 04-11913
Plaintiff's Proposed Jury Instructions No. 8


**Damages:   Medical Expenses**


In assessing damages, you should take into consideration any evidence presented as to expenses, including medical, hospital, and nursing services in respect of which Plaintiff incurred liability as a result of the occurrence of the subject of this action.  (<u>Hicks v. Westbrook</u>, 537 So.2nd 490 (ALA 1988)).

Renee Messana v. Acres of Wildlife Campground
Docket No: 04-11913
Plaintiff's Proposed Jury Instructions No. 9

**Damages:   Fair Value of Medical Services**

The fact that medical and nursing services were furnished to the Plaintiff without charge and without expectation of payment, is immaterial.  In determining the Plaintiff's damages, your award should include a sum which reflects the fair value of such treatment no matter whether the evidence shows, or whether you have reason to believe, the Plaintiff neither paid nor incurred any liability for this treatment. (<u>Sinsbury v. PA Greyhound Lines</u>, 183 F.2nd 548, 21 A.L.R.2nd 266 (4th Cir. 1950)).

Renee Messana v. Acres of Wildlife Campground
Docket No: 04-11913
Plaintiff's Proposed Jury Instructions No. 10

**Damages: Loss of Past Earnings**

In assessing damages, you should consider any evidence presented tending to show that the Plaintiff(s) as a result of the injuries involved in this action, has lost earnings between the time of the injury and the present date. Plaintiff(s) is entitled to be compensated for the amount you find he/she was reasonably certain up to the date of the trial to have earned had he/she not sustained these injuries.  (Johnson v. Offshore Exp., Inc., 845 F.2nd 1347 (5th Cir. 1988)).

Renee Messana v. Acres of Wildlife Campground
Docket No: 04-11913
Plaintiff's Proposed Jury Instructions No. 11

**Damages: Loss of Earnings**

If you find for the Plaintiff on the question of liability, you may consider the value of any time lost by the Plaintiff as a result of the occurrence of the subject of this action. It is not necessary that he/she has been employed at the time of the occurrence. (<u>Stauffer v. Lothamer</u>, 419 N.E.2nd 203 (IND. 1981)).