UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RENEE MESSANA, et al.,                    )
         Plaintiffs                       )
                                          )
v.                                        )        CIVIL ACTION NO. 04-11913-LTS
                                          )
ACRES OF WILDLIFE CAMPGROUND, INC.,       )
         Defendant.                       )
                                          )

## JURY INSTRUCTIONS

Members of the jury:

Now that the closing arguments of the lawyers have been presented, the time has come for me to instruct you on the law. When I have finished, you will begin your deliberations. My instructions will be in four parts: first, some instructions on the general rules that define and control the duties of a jury in a civil case; second, some instructions that you may find useful in evaluating the evidence that has been presented; third, I will explain the rules of law that you must apply to the facts as you find them, and finally I have some brief guidelines that will govern the conduct of your deliberations

## GENERAL RULES

In defining the duties of the jury, let me first explain the general rules.

It is your duty to find the facts from all of the evidence in the case. To the facts as you find them you must apply the law as I describe it to you. And you must follow the law as I describe it, whether you personally agree with the wisdom of the law or not. You must do your

1

duty as jurors regardless of any personal likes or dislikes, opinions, prejudices, bias or sympathy. That means that you must decide the case solely on the evidence before you and according to the law.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything that I may have said or done during the course of the trial, any suggestion from me as to the verdict you should return. Whatever opinion I might have as to what your verdict should be is utterly irrelevant. The verdict is yours and yours alone to render as the finders of the facts. While I intend to be as helpful as I can in providing you with the knowledge of the law that you will require to render an intelligent and informed verdict, the law commits this case to your sole determination as the judges of the facts.

The lawyers may have commented during the trial both on the evidence and on the rules of law. But if what they have said about the evidence differs from your memory, let your collective memory control. And if what they have said about the law seems to you to have a different meaning in any way from my instructions on the law, you must be guided only by my instructions

All parties are before you as equals in the eyes of the law. Acres of Wildlife, Inc. is the defendant and it is a corporation. It is entitled to the same fair trial at your hands as is a private individual. The law treats corporations as persons, and all persons, including all corporations, stand equal before the law and are to be dealt with as equals.

Let me make clear a further point of law. A corporation obviously can act only through its agents and employees. The law accordingly holds a corporation responsible for the acts done

2

by its agents and employees that fall within the scope of their agency or employment.

In a civil trial, a plaintiff bears the burden of proving her case by a preponderance of the evidence. As I explained in my opening instructions, this is a much lower standard of proof than proof beyond a reasonable doubt, the very high standard that we apply in a criminal trial. A plaintiff need not prove her case to any degree of mathematical certainty, nor must she eliminate the possibility, even a strong possibility, that no negligence occurred. Her obligation rather is to produce evidence which, when considered in the light of all of the evidence in the case, leads you to believe that her claims are more likely true than not. Should she fail to meet this burden, your verdict must be for the defendant. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. The burden of proof has not been carried if, after you have considered all the evidence, you find that you must speculate, guess, or imagine that one or more of the necessary facts is true.

## EVALUATING EVIDENCE

Before I turn to the applicable principles of law, let me first briefly review for you what is and is not evidence in a civil case.

Evidence is typically presented at a trial in one of three ways.

First, through the sworn testimony of witnesses, both on direct and cross-examination.

Second, through physical objects, like documents and photographs, that are identified by a witness, and admitted as exhibits during the trial.

Third, by stipulation, or agreement between the parties that certain facts are true and need

3

not be independently proven as such at trial.

Certain things are not evidence and should have no influence on your verdict.

1. Arguments and statements by lawyers, as I have cautioned several times, are not evidence. What the lawyers have said over the course of the trial you may find helpful, even persuasive, in reaching a judgment, but the facts are to be determined from your own evaluation of the testimony of the witnesses, the exhibits, and any reasonable inferences that you choose to draw from the facts as you find them.

2. Questions to the witnesses are not evidence. They can only be considered in the sense that they give context or meaning to a witness's answer.

3. Objections to questions are not evidence. Attorneys, as I explained, have a duty to their clients to object when they believe that a question is improper under the rules of evidence. You should not be influenced by the fact that an objection was made or by the way I ruled on it. If I sustained the objection, you should ignore the lawyer's question, and any assertion of fact it might have contained. If I overruled the objection, you should treat the witness's answer like any other.

4. Testimony that I excluded, struck, or that I instructed you to disregard is not evidence. You should also, as I have cautioned, ignore editorial comments made by the attorneys during their presentations, particularly those intended to characterize the testimony of witnesses. Whether or not a witness's testimony was believable on any particular point is a determination that only you can make.

5. Occasionally an item was marked for identification as a reference. If that item was not later admitted as an exhibit and given an exhibit number in lieu of a letter, that item is not

4

evidence and should be ignored.

6. Notes, if you have kept them, and most of you have, are not evidence. They are a personal memory aid to be used to refresh your recollection of the evidence during the deliberations.

7. Finally, anything you may have seen or heard outside the courtroom during the course of the trial is not evidence. You must decide the case based solely on the evidence offered and received during the trial.

Regardless of the way in which evidence is presented, it comes in one of two forms, as either direct or circumstantial evidence. Direct evidence is direct proof of a fact, usually presented through the testimony of a person who claims to have been an eyewitness to an event or a participant in a conversation. When you evaluate direct testimony your decision is fairly straightforward. Do you believe that what the witness has told you is accurate? Circumstantial evidence, on the other hand, is the proof of a chain of circumstances, or a set of facts, from which you could infer or conclude that another fact is true, even though you have no direct evidence of that fact. You all have experience in your everyday affairs drawing inferences based upon circumstantial evidence.

For instance, if you were to awaken in the morning and, even though the day was bright and clear, you saw puddles of water on the street, you might draw the inference that it had rained during the night even though your sleep had been uninterrupted. In other words, the fact of rain is an inference that could be drawn from the presence of water on the street. An inference may be drawn, however, only if it is reasonable and logical, and not if it is speculative or based on conjecture. If for example, you observed puddles of water on your street, but not on any other

street in your neighborhood, other facts, like a broken water main, or if you live in the suburbs, a neighbor's malfunctioning sprinkler system, might explain the presence of water. In deciding whether to draw an inference, you must look at and consider all of the facts in the case in the light of reason, common sense, and your own life experience.

Neither type of evidence, direct or circumstantial, is considered superior or inferior to the other. Both types of evidence may be considered in reaching your verdict and may be given whatever weight you as the finders of fact deem that particular evidence to be worth.

Most evidence received at trial is offered through the testimony of witnesses. As the jury, you are the sole judges of the credibility of these witnesses. If there are inconsistencies in the testimony, it is your function to resolve any conflicts, and decide where the truth lies.

An important part of your job as jurors will be deciding whether you believe what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions. Did the person seem honest? Did he or she have some reason not to tell the truth? Did he or she have something to gain or lose in the outcome of this case? Did the witness seem to have a good memory? Did the witness have the opportunity to observe and was the witness able to observe accurately the things he or she testified about? Did he or she understand the questions and answer them directly? Did the witness's testimony differ from the testimony of other witnesses or from testimony that the same witness gave earlier? Was the witness's testimony on cross-examination different from the testimony given on direct examination? You may also consider any demonstrated bias, prejudice or hostility of a witness. These are some, but of course not all, of the kinds of things that will help you decide how much weight to give to what each witness said.

6

The mere number of witnesses or length of the testimony or number of exhibits has no bearing on what weight you give to evidence, or on whether you find that the burden of proof has been met. Weight does not mean the amount of evidence. Weight means your judgment about the strength of the evidence based upon the credibility and importance of the evidence.

You may consider inconsistencies or differences as you weigh evidence, but you do not have to discredit testimony merely because there are inconsistencies or differences in the testimony of a witness, or between the testimony of different witnesses. People sometimes forget things, and even a truthful witness may be nervous and contradict himself or herself. Innocent mis-recollection, like failure of recollection is a common experience. It is also true that two or more persons witnessing an incident or a transaction may see or hear it differently. In weighing the effect of any inconsistency or difference, consider whether it concerns a matter of importance or an unimportant detail, and whether it results from innocent error or intentional falsehood.

You are not required to accept testimony, even if it is uncontradicted. You may decide, because of the witness's bearing and demeanor, or because of inherent improbability, or for other reasons sufficient to you, that testimony is not worthy of belief.

You may accept all of a witness's testimony or you may reject it all, or you may accept parts and reject other parts.

If any witness testified at trial in a manner inconsistent with his or her prior deposition testimony, you may consider the prior deposition testimony both for the purpose of judging the credibility of that person as a witness and as evidence of the truth of the fact stated in the deposition testimony.

As a rule, a witness is not permitted to offer an opinion about the facts to which he or she

7

testifies, unless it concerns a matter falling within our common experience. An exception is made for those who are asked to testify as experts. In this case, Dr. Vavares gave his opinion and testified as an expert.

The credibility of the testimony of an expert witness is, however, judged like that of any other witness. Simply because the law allows a witness to give an opinion does not mean that you must accept that opinion. If you decide that the opinion of an expert witness is not based on sufficient education, experience, or familiarity with the facts of the case, or if you conclude that the reasons given for the opinion are not convincing or are outweighed by other evidence in the case, you may disregard the opinion entirely.

## ELEMENTS OF THE CLAIMS

Now I want to turn to the principles of law that govern the specific claims and defenses made in this case. The Plaintiffs bring four claims. Renee Messana asserts a claim of negligence for her injuries. Paul Messana asserts a claim of negligence for damage to his property, the tent. Paul Messana also asserts a claim for loss of consortium. Finally, Paul DeMemo, Renee Messana's son, asserts a claim for loss of consortium. All of these claims arise out of the tree falling onto the tent at the Acres of Wildlife Campground.

### 1. Negligence - Renee Messana

Renee Messana asserts a claim of negligence against the defendant Acres of Wildlife Campground.

Mrs. Messana must prove two elements of her case by a preponderance of the evidence, to satisfy her burden of proof.

8

First:      She must prove that Acres of Wildlife Campground was negligent; and

Second:   She must prove that Acres of Wildlife's negligence was a proximate cause

of her injuries and consequent damages.

What does the law mean by negligence? Negligence is (1) doing something that an ordinary, careful person would not do, or (2) the failure to do something that an ordinary, careful person would do in the same situation, or (3) allowing or continuing on the premises an unsafe condition which an ordinary, careful person would not allow or would not allow to continue on the premises in the same situation. It is, in other words, the failure to use ordinary care under the circumstances in maintaining the premises considering all of the evidence in the case.

The mere fact that an accident happened or an injury occurred does not, by itself, permit you to draw any inference that the accident or injury was caused by negligence or by anyone's fault.

Acres of Wildlife Campground, Inc. owed the plaintiff the duty of exercising ordinary care to keep its premises in a reasonably safe condition, guarding the plaintiff against all reasonably foreseeable dangers, in light of all the circumstances. It was not required to maintain its premises completely free of all hazards or risks of harm, nor did it have the obligation to guarantee Mrs. Messana absolute safety. Instead, as I stated, Acres of Wildlife Campground, Inc. had the duty to use ordinary care to insure that its property was reasonably safe from reasonably foreseeable dangers, in light of the totality of the circumstances. Thus, the Acres of Wildlife Campground, Inc. is subject to liability if, but only if, you find by a preponderance of the evidence that, acting through its employees, it (1) caused a hazard to exist, or (2) had actual knowledge of the existence of a hazard, or (3) should have known of the existence of a hazard there because of the length of time the hazard existed or because it resulted from a recurring condition that was foreseeable and which created a

9

risk of injury.

If you find that the defendant was negligent, you must then determine whether its negligence was the proximate cause of the injuries sustained by the plaintiff. Negligence is a proximate cause of an injury whenever (1) it plays a substantial part in bringing about or actually causing the injury and (2) the injury is either a direct result or a reasonably probable consequence of the negligence.

An injury or damage is a *direct result* of an act or failure to act when that act or failure to act starts an event or chain of events which inevitably leads to the injury or damage. This is an objective test: Did the act or failure to act start events that made the injury or damage inevitable, regardless of whether the injury or damage could have been foreseen?

An injury or damage is a *reasonably probable consequence* of an act or failure to act when that act or failure to act creates a risk that might reasonably be expected to result in the injury or damage in question, even though the exact nature of the injury or damage need not, itself, be foreseeable. This is a subjective test: Could injury or damage to persons reasonably have been foreseen to result from the risk created by the act or failure to act?

Keep in mind that an injury may have more than one proximate cause. The plaintiff must prove the causal connection between any negligent act of a defendant and the plaintiff's injury. That is, recovery may not be founded on speculation or conjecture as to how the injury was caused. The plaintiff must thus establish that any harm that befell her was, either in whole or in part, more likely caused by a defendant's negligence, than from some other cause for which the defendant is not responsible.

*Damages.* Now, I want to tell you about what damages are recoverable by the plaintiff if you decide that she suffered injuries proximately caused by defendant's negligence. Remember,

10

however, that you only consider the issue of damages if you find that the defendant's negligence played a substantial part in bringing about injury to the plaintiff. The fact that I am instructing you on damages does not mean that I think damages are proved or not proved, or that I favor a verdict for the plaintiff. The plaintiff must prove her damages by a preponderance of the evidence. Thus, if you find that she has failed to prove by a preponderance of the evidence any particular, claimed element of damages, you may not award damages to him for that type of loss. If you find that she has proven by a preponderance of the evidence any particular, claimed element of damages, you must award damages to her for that type of loss. You must not make a compromise between the liability and damages issues.

Any damages that you award must be reasonable, based on the evidence. You may award damages only to the extent that the damages would reasonably and fairly compensate the plaintiff for her injuries. You are not to award damages for speculative injuries or based upon guesswork, passion, prejudice or sympathy.

On the other hand, recovery will not be barred because there may be a lack of certainty in the plaintiff's proof of aspects of loss that, by their nature, are not susceptible of precise calculation. Much can and must be left to the judgment and estimate of the jury, as long as the jury makes a reasoned finding based on reasonable inferences from evidence. It is sufficient if the extent of the damages is shown by circumstantial evidence and is determined by just and reasonable inference.

Damages are compensatory, not punitive. The purpose of damages is not to punish the defendant, but rather to compensate the plaintiff for injuries proximately caused by the defendant's negligence.

11

Your function as to damages, as I have said, is to find a fair and reasonable figure for the damages proximately caused by defendant's negligence. You should put aside, in any calculation of damages, anything that does not bear on the amount of damages. As a general matter, you should not concern yourselves, for example, with interest or taxes in calculating damages. Unless I tell you otherwise, anything of that nature is irrelevant to your task, and you should neither increase nor decrease any award you make on account of such matters.

Now, what damages may be awarded? You may award damages: (1) for reasonable medical and related expenses incurred in the treatment of the plaintiff's injuries to date, (2) for any pain and suffering, emotional distress, mental anguish, loss of enjoyment of life and scarring she has experienced or is experiencing, (3) for such pain and suffering, emotional distress, mental anguish, loss of enjoyment of life or scarring as are shown to be reasonably likely to continue in the future.

Let me elaborate. The plaintiff is entitled to recover past medical expenses arising from the claimed injury. Past medical expenses would include the reasonable value, not exceeding the actual cost, of the plaintiff's examinations, attention and care by physicians or other health care providers, shown by the evidence to have been reasonably required and actually given in the treatment of the plaintiff. This includes the reasonable value of any hospital accommodations, care and services of nurses or attendants, x-rays and medicines and other supplies. Whether or not plaintiff received these medical services without charge or liability is immaterial to your determination.

You may also award the plaintiff damages which will compensate her for any pain, suffering, emotional distress, mental anguish, loss of enjoyment of life and scarring suffered by her as a result of any injuries that you find she has sustained as a result of the defendant's negligence. If you also find that the plaintiff has established that she is reasonably likely to suffer these injuries in the future

12

as a result of the defendant's negligence, then you may also award her damages for this future suffering.

A person who has been injured or suffered a loss has a duty to exercise reasonable care to reduce the extent of the injuries or damages resulting from the injury and to take such steps as are reasonable and prudent to effect a cure or a reduction of their severity.

Where an obligation to reduce damages is asserted, the damages that otherwise would be awarded to the plaintiff may be reduced where the defendant proves, by a preponderance of the evidence (a) that plaintiff could have reduced her damages, and (b) the amount by which damages that would otherwise be awarded to the plaintiff should be reduced because of plaintiff's failure to reduce damages.

Now, medical expenses can be readily translated to monetary terms. That is not the case with pain and suffering, emotional distress, mental anguish, loss of enjoyment of life and scarring. I cannot give you a formula to ascertain the amount of these damages. There are no objective guidelines by which you can measure the money equivalent of these injuries. The only real measuring stick is the collective, enlightened conscience of the jury. The law leaves it up to the fairness and common sense of the jury to determine the amount of these damages. In this difficult task of putting a money figure on an aspect of injury that does not readily lend itself to an evaluation in terms of money, you should try to be objective, calm, and dispassionate, and not be unduly swayed by considerations of sympathy.

2. Negligence - Paul Messana Next I want to instruct on the law applicable to Paul Messana's negligence claim. Paul Messana must prove, by a preponderance of the evidence, that

13

the damage to his tent was proximately caused by defendant's negligence. If you so find, you must award him compensation for the damage to his tent.

3. Loss of Consortium-Paul Messana. We turn now to the loss of consortium claims. If you find that the Campground was not negligent or if you find that the Campground's negligence did not proximately cause injuries to Renee Messana than you must not award any compensation for the loss of consortium claims. If you find that Renee Messana was injured due to the negligence of the defendant, then you must consider whether the negligence proximately caused a loss of consortium to Renee Messana's husband, Paul Messana.

Loss of consortium is a separate theory of liability, with a separate plaintiff, Mr. Messana. To succeed on the claim of loss of consortium, Mr. Messana has the burden of proving, by a preponderance of the evidence, that he suffered a loss of consortium as a result of injuries to his wife that were proximately caused by the defendant's negligence.

Consortium is an interest in the law to protect the entire range of marital interests. Mr. Messana is entitled to be compensated for the loss of his wife' companionship, comfort, assistance and aid and for the loss of the conjugal affections of his wife to the extent those were impaired or lost to him, from the time and because of the accident, and for so long in the future as the evidence has shown it is reasonably likely that these things may be lost. In addition, Mr. Messana claims lost income because of his wife's injuries. In addition, if you find, that Mr. Messana has established by a preponderance of the evidence that he lost income and that this loss of income was proximately caused by his wife's injuries, he is entitled to compensation for this loss. In sum, Mr. Messana, may be compensated for his loss of his wife's services, comfort, society and attentions, to the extent those things can be calculated in terms of money.

14

In considering whether there has been a loss of consortium, and if so, what that loss was or is, you may consider any evidence relating to the stability of the marriage, the extent and nature of the care and companionship bestowed by Mrs. Messana upon Mr. Messana, the extent to which such benefits have been lost and are reasonably likely to be lost in the future.

You must make your determination as to whether there was a loss of consortium, and if so the amount, based on your own common sense, good judgment, experience and conscience. There is no special formula or rule to measure a fair amount for loss of consortium. You must not, however, allow any overlapping of damages with those awarded to another plaintiff. If you award any damages to Mr. Messana for loss of consortium, you must be careful to ensure that any award you give him does not include compensation for any recovery which you may have awarded Mrs. Messana. For example, if your verdict awards Mrs. Messana compensation for pain and suffering, you should not include an award for her pain and suffering in any award which you make to Mr. Messana for loss of consortium. In a nutshell, Mr. Messana's loss of consortium claim does not entitle the Messanas to a double recovery.

4. Loss of Consortium-Paul DeMeo. If you find Renee Messana was injured due to the negligence of the defendant, then you must consider whether the negligence proximately caused a loss of consortium to Renee Messana's son, Paul DeMeo.

Under the law Paul DeMeo has a right which grows out of the relationship between parent and child. It is a right to enjoy the society and companionship and the affection as a part of the parent-child relationship. Therefore, if you find that as a result of the defendant's negligence the plaintiff's child has suffered or is reasonably certain to suffer in the future a loss of parental society, you should fairly and reasonably compensate this child for the loss. By parental society I mean the

15

full enjoyment of the parent-child relationship including the loss of his mother's companionship or comfort as well as restrictions on social or recreational life. You must make your determination as to whether there was a loss of consortium, and if so the amount, based on your own common sense, good judgment, experience and conscience. There is no special formula or rule to measure a fair amount for loss of consortium. You must not, however, allow any overlapping of damages with those awarded to another plaintiff.

## DELIBERATIONS

Finally, let me say a few words about your deliberations.

Each of you must decide the case for yourself, but you should do so only after considering all of the evidence, after discussing it fully with the other jurors, and after listening to the views of your fellow jurors. Do not be afraid to change your opinion if, after hearing the opinions of your fellow jurors, you are convinced that your initial judgment was wrong. But do not come to a decision simply because other jurors insist that it is right, nor surrender an honest belief about the weight and effect of the evidence simply to reach a verdict.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think that it could be better tried or that another jury would be better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. Your verdict must be unanimous as to each of the special questions I am going to ask you to answer. Your answers will be recorded on the verdict slip by the juror that I appoint as your foreperson.

[APPOINT FOREPERSON]. As foreperson, you will have the same voice and the same vote as the other deliberating jurors. You will act as the moderator of the discussion and will serve as the jury's spokesperson. You will see that each juror is present during all of your deliberations. Your

16

most important obligation is to insure that any juror, including you, who wishes to be heard on any material issue has a full and fair opportunity to be heard by his or her fellow jurors. When the jury has reached a verdict, you will fill in the appropriate answers, sign and date the verdict slip, and inform the court officer that the jury is ready to return to the courtroom.

If it becomes necessary during your deliberations to communicate with me, you may do so by sending a note through the court clerk signed by your foreperson. No member of the jury should ever attempt to communicate with me except by such a signed writing. On matters concerning meals, scheduling, accommodations or convenience, you are free to communicate with the court security officer either orally or in writing. You are not to communicate with anyone but me about the case, and then only in writing.

Now I will ask the lawyers to come to the sidebar to give them a chance to comment on my instructions or request that I add anything I have omitted or clarify any point which they feel requires such clarification.

17

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **RENEE MESSANA,** | ) | |
| **PAUL MESSANA,** | ) | |
| **PAUL DEMEO** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 04-11913-LTS** |
| | ) | |
| **ACRES OF WILDLIFE** | ) | |
| **CAMPGROUND, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER ON JURY INSTRUCTIONS

Upon further reflection and consideration, I have made the following changes to the instructions for the jury distributed to counsel at the charge conference today.

1. I will instruct the jury on future damages with the underlined language discussed at the charge conference today. I will include the duty to mitigate instruction requested without objection by defendant.

2. As requested, I have changed legal cause to proximate cause in the instructions and special verdict form.

3. The preexisting condition instruction appearing on page 12 has been removed.


/s Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

Date:   June 7, 2006