UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RENEE MESSANA, PAUL DEMEO, PAUL MESSANA, INDIVIDUALLY AND AS NEXT FRIEND OF RAYMOND MESSANA AND ARIANA MESSANA )<br><br>Plaintiffs, )<br><br>v. )<br><br>ACRES OF WILDLIFE CAMPGROUND, INC. )<br><br>Defendant ) | Docket No. 04-11913 MLW |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR NEW TRIAL AND/OR MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant, Acres of Wildlife Campground, Inc. ("Acres of Wildlife"), hereby opposes Plaintiffs' motion for new trial and/or motion for judgment as a matter of law. In support of its opposition, Defendant states as follows.

**A.  Rule 50(b) motion**

"The standard of review for motions for judgment as a matter of law requires the court to view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in its favor." Morrison v. Carleton Woolen Mills, Inc., 108 F.3d 429, 436 (1st Cir. 1997). A verdict may be directed in favor of the moving party only if the evidence, viewed from this perspective, no reasonable jury would find in favor of the non-moving party. See Collazo-Santiago v. Toyota Motor Corp., 149 F.3d 23, 27 (1st Cir. 1998)(citations omitted). Generally, a motion for judgment as a matter of law may be granted only when the facts and inferences point so strongly and overwhelmingly in favor of the movant that a reasonable jury could not have reached a verdict against that party. See Golden Rule Ins. Co. v. Atallah, 45 F.3d 512, 516 (1st Cir. 1995)(quotation omitted).

In this case, Plaintiffs cannot meet their burden under the strict standards set above. A cursory review of the trial testimony revealed the following evidence: Mrs. Burnham testified she believed the campground was a safe family environment and the campground had enough employees to have a safe family environment. 6/6 Tr. at 14, lns. 21-25; 15, ln. 1.

Mr. Baptista testified tree removal is a priority for him in terms of his duties at the campground. 6/6 Tr. at 37, lns. 24-25; 38, ln. 1. The campground had a tree removal staff of eight or nine employees. Tr. at 38, lns. 12-14. As a matter of general practice, Mr. Baptista instructed his employees to be on the lookout for hazardous conditions including dead trees. Tr. at 38, lns. 15-18. In the spring, the employees who were capable of removing trees, assessed the campground before the campers arrived for the summer season. Tr. at 38, lns. 19-25; 39, lns. 15.

All employees are instructed to look out for hazards including dead trees. Tr. at 39, lns. 4-8. When inspecting the campground, employees, including Mr. Baptista, typically inspect areas beyond the fringe of campsites and roads. Tr. at 39, lns. 12-18. The campground is also inspected annually by "an outside" company. Tr. at 39, lns. 19-25; 40, lns. 1-7; 42, lns. 13-19.

Mr. Baptista testified he was not overworked and the employees are able to attend to all of the maintenance issues at the campground, including tree removal. Tr. at 40, lns. 10-25. Safety is the most important aspect of his job. Tr. at 41, lns. 1-10.

Mr. Baptista described the process of inspecting and removing trees; if requested by a camper, he would immediately assess the tree. If the tree posed an immediate threat

of danger, he would remove the tree immediately. If the tree did not pose an immediate threat of danger, he would remove the tree within one to two weeks. Tr. at 43-44.

Mr. Baptista testified he does not recall a conversation taking place with Mr. Messana in September 2001 concerning the removal of trees on the Messanas' campsite. Tr. at 44-45. If the conversation had taken place, Mr. Baptista would have assessed the trees requested by Mr. Messana immediately. Tr. at 44-45. Mr. Bapista does not recall Mr. Messana ever asking him to remove the tree that fell on Ms. Messana, nor any trees in the vicinity. Tr. at 46. He testified the Acres of Wildlife maintenance and tree removal crew is larger than the crews of similarly-sized campgrounds. Tr. at 22-23.

There was ample evidence in the record upon which the jury could have concluded the Defendant met the standard of reasonable care that landowners are held to under Maine law. The Court is not permitted to evaluate the credibility of witnesses or to resolve conflicts in testimony, or evaluate the weight of the evidence. Gibson v. City of Cranston, 37 F.3d 731, 735 (1st Cir. 1994). Whether or not the jury relied upon the testimony of Elaine Burnham and Michael Baptista, the jury was free to disregard the testimony of the Messanas altogether. See also Collazo-Santiago v. Toyota Motor Corp., 149 F.3d at 28(noting that a jury is not required to believe the testimony of interested witnesses). Therefore, viewing the evidence in the light must favorable to Defendants, the Court should deny Plaintiffs' Rule 50(b) motion.

Plaintiffs argue that even though there is no evidence that Defendant had actual knowledge of the tree that fell, "it is uncontested that Defendant knew about a generally dangerous condition that existed on the campsite because of dead trees." Plaintiffs argue that the "law of negligence does not require actual knowledge of the dead tree or the

hazardous condition, but merely a general hazardous condition of the trees on the campsite." (Pl. Br. at 4). The Court should reject these arguments summarily.

As a preliminary matter, counsel does not recall any evidence that Defendant had actual knowledge of the dead tree in question, or of other dead trees in the immediate vicinity. Plaintiffs have not cited to any evidence to that effect. Regardless, Maine law does not require mere knowledge of other similar dangerous conditions, as opposed to the specific dangerous condition at issue. Otherwise, landowners could be held liable for knowledge of dangerous conditions that had nothing to do the injuries at issue. Plaintiffs have cited no controlling caselaw in support of this argument, nor did Plaintiffs object to the jury instructions as submitted.

With regard to constructive knowledge, this is clearly a factual issue for the jury to determine. Whether Mr. Baptista should have known of the dead tree was solely within the province of the jury, taking into consideration all of the relevant facts and circumstances.

**B.    Rule 59(a) Motion**

For many of the same reasons, the Court should deny Plaintiffs' Rule 59(a) motion for new trial. Rule 59(a) provides that "a new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; . . . ." Fed. R. Civ. P. 59(e). Although the Rule itself does not delineate the specific circumstances under which the Court may grant a new trial, the First Circuit has stated that the trial court may "set aside a jury's verdict and order a

1139639.1

new trial only if the verdict is so clearly against the weight of the evidence as to amount to a manifest miscarriage of justice." Lama v. Borras, 16 F.3d 473, 477 (1st Cir. 1994).

> In the federal system, a trial judge cannot displace a jury's verdict merely because he disagrees with it our would have found otherwise in a bench trial. Absent error of law . . ., the judge's prerogative to set aside a verdict crystallizes only if "it is quite clear that the jury has reached a seriously erroneous result."

Milone v. Moceri Family, Inc., 847 F.2d 35, 37 (1st Cir. 1988).

In this case, Plaintiffs have not argued the Court made errors of law or the instructions were erroneous. Rather, Plaintiffs' motion for new trial is nothing more than a renewed motion for judgment as a matter of law based on the sufficiency of the evidence, and that the jury (as opposed to the Court) "misinterpreted the law." Therefore, viewing the facts in light most favorable to the Defendant, the Court, for the same reasons cited in Defendant's opposition to Plaintiffs' Rule 50(b) motion, should likewise deny the motion for a new trial under Rule 59(a).

DATED at Portland, Maine this 7th day of July, 2006.

/s/ David J. Ekelund, Jr.
Daniel Rapaport, Esq.
Timothy J. Perry, Esq.
Gregory T. Donoghue, Esq.
David J. Ekelund, Jr., Esq.
Attorneys for Defendants

PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
One City Center, P.O. Box 9546
Portland, ME 04112-9546
TEL: (207) 791-3000

1139639.1