## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RENEE MESSANA, PAUL DEMEO, PAUL MESSANA, INDIVIDUALLY AND AS NEXT FRIEND OF RAYMOND MESSANA AND ARIANA MESSANA, | ) ) ) ) | |
| | ) | |
| Plaintiffs | ) | Docket No. 04-11913 MLW |
| | ) | |
| v. | ) | |
| | ) | |
| ACRES OF WILDLIFE CAMPGROUND, INC., | ) | |
| | ) | |
| Defendant | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S BILL OF COSTS

Defendant Acres of Wildlife Campground, Inc. submits the within Memorandum in support of its Bill of Costs filed herewith to be taxed against Plaintiffs, as the non-prevailing party in the above-referenced matter.

### I.    COSTS SHOULD BE LEVIED AGAINST THE PLAINTIFFS AS THE NON-PREVAILING PARTY IN THIS CASE

A post-trial award of costs is governed by Fed.R.Civ.P. 54(d) and 28 U.S.C. Section 1920. Federal Rule of Civil Procedure 54(d) provides in pertinent part:

> Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs…

Fed.R.Civ.P. 54(d)(1) (Emphasis added). Although the District Court has discretion to deny costs in the context of those items enumerated in 28 U.S.C. Section 1920 and Fed. R.Civ.P. 54(d), the First Circuit has confirmed that there exists a presumption in favor of the prevailing party that these taxable costs should be awarded as a matter of course. In one of the few First Circuit opinions addressing section 1920, In re Two Appeals Arising out of the San Juan Plaza Hotel Fire Litig., 994 F.2d 956 (1st Cir. 1993), Judge Selya stated, in pertinent part, that:

1

> We further believe that this negative discretion – the power to deny recovery of costs that are categorically eligible for taxation under Rule 54(d) – operates in the long shadow of a background presumption favoring cost recovery for prevailing parties. The presumption emanates from the Rule's language: "Costs shall be allowed as of course."…

Id. At 962-963.

In the present case, Defendant Acres of Wildlife Campground Inc.'s Bill of Costs (1) includes only those costs recoverable as necessary to the litigation; (2) is restricted to the parameters of section 1920 and Fed.R.Civ.P. 54(d); and (3) at no time did Defendant or its counsel engage in any misconduct warranting denial of costs.

## II.     DEFENDANT IS ENTITLED TO THE NECESSARY FEES OF COURT REPORTERS FOR TRANSCRIPTIONS OF DEPOSITIONS AND TRIAL TESTIMONY

Under 28 U.S.C. Section 1920(2) "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" may be taxed as costs to the prevailing party. Defendant Acres of Wildlife Campground Inc.'s has submitted in its Bill of Costs a specific schedule of all deposition transcript costs and related trial transcript costs incurred for use in the case (Exhibit A to Defendant's Bill of Costs).

Although not all the depositions referred to in Exhibit A to Defendant's Bill of Costs were actually used at trial, the appropriate test is not whether they were used at trial, but whether "the deposition reasonably seemed necessary at the time it was taken." Anda v. Ralston Purina, 777 F.Supp. 46, 55 (D.P.R. 1992), aff'd, 959 F.2d 1149 (1st Cir. 1992). Defendant's schedule of deposition transcripts obtained and paid for by the Defendant identifies the deponents who were all either factual witnesses, parties or expert witnesses appropriately designated by the respective parties. In order to provide a thorough and proper defense to Defendant Acres of Wildlife Campground Inc., it was necessary and reasonable to expend the nominal sums as set forth on Exhibit A for deposition transcripts.

2

### III.    DEFENDANT IS ENTITLED TO REIMBURSEMENT OF ITS COSTS FOR EXEMPLIFICATION AND COPIES NECESSARILY OBTAINED FOR USE IN THE CASE

Under 28 U.S.C. Section 1920(3), a court may tax "fees and disbursements for printing…" and pursuant to Section 1920(4), the court may tax as costs "…copies of papers necessarily obtained for use in the case."

Attached as Exhibit B to Defendant Acres of Wildlife Campground Inc.'s Bill of Costs is its Fee and Disbursements for Exemplification of Case Materials for use at Trial and costs to replicate copies of documents utilized in this case; in particular those copies of exhibits and case documents required to be submitted to the court and exchanged between the parties.  During the course of this litigation, the parties were required to exchange between themselves and specifically prior to the date of trial were required to mark and identify trial exhibits, prepare duplicate copies for the court, opposing counsel and counsel for the Defendant.

Virtually all of the exhibits were relevant to issues in the case and many such documents were introduced during the course of the trial as exhibits or other purposes such as reference or demonstration.  The copying costs reflect reasonable commercial rates for copying and therefore should be awarded to Defendant Acres of Wildlife Campground Inc.'s as requested in its Bill of Costs.

### IV.    CONCLUSION

For all of the above reasons, Defendant Acres of Wildlife Campground, Inc. respectfully requests that costs be taxed in the total amount of $3,741.05, as set forth in the attached Bill of Costs.

1137727.1

DATED at Portland, Maine this 7th day of July, 2006.

/s/ Daniel Rapaport, Esq.
Daniel Rapaport, Esq.
Timothy J. Perry, Esq.
David J. Ekelund, Jr., Esq.
Gregory T. Donoghue, Esq.
Attorneys for Defendants

PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
One City Center, P.O. Box 9546
Portland, ME  04112-9546
TEL:  (207) 791-3000

1137727.1