# IRREVOCABLE TRUST AGREEMENT

# MESSANA FAMILY TRUST

IRREVOCABLE TRUST AGREEMENT made February 1, 2007, between Renee Messana as next friend and guardian of Ariana Messana and Raymond Messana (the "Grantor"), and Renee Messana and Paul Messana (the "Trustees").

1. **TRUST PROPERTY**. The Grantors, desiring to create trusts for the benefit of their minor children and for other good and valuable consideration, irrevocably assigned to the Trustees of the property described in attached Schedule A (the "Trust Property"), in trust, for the purposes and on the conditions hereinafter stated.

2. **DISPOSITIVE PROVISIONS**.  The Trustees shall hold the property for the primary benefit of Ariana Messana and Raymond Messana, each with a 50% interest in the amount initially assigned.  The Trustees shall hold, manage, and invest the trust property, and shall collect and receive the income, and after deducting all necessary expenses incident to the administration of the trust, shall dispose of the corpus and income of the trust as follows:

(a):  The Trustees shall accumulate the entire net income of the trust while the beneficiaries are under the age of 25 and not enrolled in a full-time undergraduate educational program.

(b):  Whenever a distribution is made to either beneficiary, the interest calculated thereafter will be appropriately assigned to each beneficiary's portion of the trust.

 (c):  The Trustees shall pay out to each beneficiary, solely from the income from the portion of the trust for his or her benefit, any necessary college expenses while that beneficiary is enrolled in a full-time educational program.

(d):  The Trustees shall pay over to each beneficiary upon reaching age 25, the remainder of his or her portion of the trust, not yet distributed.

(e):  The Trustees shall pay over to each beneficiary, solely from the portion of the trust for his or her benefit, at any time and from time to time, the sum or sums as the Trustees shall deem necessary or appropriate, if at any time while the trust is in force any medical emergency arises in the affairs of either of the primary beneficiaries and all other means of support are insufficient.

(f):  If any of the beneficiaries shall die before attaining the age of 25, the portion of the trust for his or her benefit shall cease, and the corpus, together with any undistributed income, shall be paid over absolutely to the estate of the decedent.

3. **TRUSTEES' POWERS**. In the administration of the trusts, the Trustees shall have the following powers, all of which shall be exercised in the fiduciary capacity, primarily in the interest of the beneficiaries: (a) To hold and continue to hold as an investment the property, of any additional property which may be received by them, so long as they deem proper, and to invest and reinvest in any securities or property, whether or not income-producing, deemed by them to be for the best interest of the trusts and the beneficiaries. (b) To rent or lease any property of the trusts for the time and upon the terms and for the price or prices as in their discretion and judgment may seem just and proper and for the best interest of the trusts and the beneficiaries. (c) To sell and convey any of the property of the trusts or any interest, or to exchange it for other property, for the price or prices and upon the terms as in their discretion and judgment may be deemed for the best interest of the trusts and the beneficiaries. (d) To make all repairs and improvements at any time deemed necessary and proper to and upon real property constituting a part of the trusts. (e) To deduct, retain, expend, and pay out of any money belonging to the trusts any and all necessary and proper expenses in connection with the operation and conduct of the trusts. (f) To vote upon all securities belonging to the trusts, and to become a party to any stockholders' agreements deemed advisable by them in connection with the securities. (g) To consent to the reorganization, consolidation, merger, liquidation, readjustment of, or other change in any corporation, company, or association. (h) To compromise, settle, arbitrate, or defend any claim or demand in favor of or against the trusts. (i) To incur and pay the ordinary and necessary expenses of administration, including (but not by way of limitation) reasonable attorneys' fees, accountants' fees, investment counsel fees, and the like. (j) To act through an agent or attorney-in-fact, by and under power of attorney duly executed by the Trustees, in carrying out any of the authorized powers and duties. (k) To borrow money for any purposes of the trusts, or incidental to their administration, upon their bond or promissory note as trustees, and to secure their repayment by mortgaging, creating a security interest in, or pledging or otherwise encumbering any part or all of the property of the trusts. (l) To lend money to any person or persons upon the terms and in the ways and with the security as they may deem advisable for the best interest of the trusts and the beneficiaries. (m) To engage in business with the property of the trusts as sole proprietor, or as a general or limited partner, with all the powers customarily exercised by an individual so engaged in business, and to hold an undivided interest in any property as tenant in common or as tenant in partnership. (n) To determine the manner in which the expenses incidental to or in connection with the administration of the trusts shall be apportioned as between corpus and income. (o) The Trustees may freely act under all or any of the powers by this Agreement given to them in all matters concerning the trusts, after forming their judgment based upon all the circumstances of any particular situation as to the wisest and best course to pursue in the interest of the trusts and the beneficiaries, without the necessity of obtaining the consent or permission of any interested person, or the consent or approval of any court. The powers granted to the Trustees may be exercised in whole or in part, from time to time, and shall be

deemed to be supplementary to and not exclusive of the general powers of trustees pursuant to law, and shall include all powers necessary to carry them into effect.

4. **LIMITATION ON POWERS**. Notwithstanding anything contained to the contrary, no powers enumerated or accorded to trustees generally pursuant to law shall be construed to enable the Grantor, or the Trustees or either of them, or any other person, to sell, purchase, exchange, or otherwise deal with or dispose of all or any parts of the corpus or income of the trusts for less than an adequate consideration in money or monies worth, or to enable the Grantor to borrow all or any part of the corpus or income of the trusts, directly or indirectly, without adequate interest or security.

5. **CORPUS AND INCOME**. The Trustees shall have the power to determine the allocation of receipts between corpus and income and to apportion extraordinary and share dividends between corpus and income.

6. **TRUSTEES' AUTHORITY AND THIRD PARTIES**. No person purchasing, renting, or leasing any of the property of the trusts, or in any manner dealing with the trusts or with the Trustees, shall be required to inquire into the authority of the Trustees to enter into any transaction, or to account for the application of any money paid to the Trustees on any account.

7. **ADDITIONAL PROPERTY**. The Grantor reserves the right to himself or to any other person at any time, by deed or will, to add to the corpus of either or both of the trusts, and any property added shall be held, administered, and distributed as part of the trust or trusts. The additional property shall be allocated between the trusts in accordance with any directions given in the instrument of transfer.

8. **ACCOUNTING BY TRUSTEES**. The Trustees may render an accounting at any time to the beneficiaries of the trust, and the written approval of a beneficiary shall be final, binding, and conclusive upon all persons then or thereafter interested in the trust for that beneficiary. The Trustees may at any time render a judicial account of their proceedings for either or both of the trusts.

9. **COMPENSATION OF TRUSTEES**. The Trustees waive the payment of any compensation for their services, but this waiver shall not apply to any successor trustee who qualifies and acts under this Agreement except that no person who adds to the corpus of either or both of the trusts shall ever be entitled to any compensation.

10. **SUCCESSOR TRUSTEES**. Either of the Trustees shall have the power to appoint his or her successor Trustee. If either of the named Trustees shall die, resign, become incapacitated, or refuse to act further as Trustee, without having appointed a successor Trustee, the other named Trustee may, but shall not be required to, appoint a successor Trustee. The appointment of a successor

Trustee shall be made by a duly acknowledged instrument delivered to the primary beneficiaries and to the person, if any, then acting as Trustee.

11. **BOND AND LIABILITY OF TRUSTEES**. Neither of the two (2) named Trustees shall be required to give any bond or other security. The Trustees shall not be liable for any mistake or error of judgment in the administration of the trusts, except for willful misconduct, so long as they continue to exercise their duties and powers in a fiduciary capacity primarily in the interests of the beneficiaries.

12. **IRREVOCABILITY**. The trusts shall be irrevocable, and the Grantor expressly waives all rights and powers, whether alone or in conjunction with others, and regardless of when or from what source he may have acquired such rights or powers, to alter, amend, revoke, or terminate the trusts, or any of the terms of this Agreement, in whole or in part. By this instrument the Grantor relinquishes absolutely and forever all his possession or enjoyment of, or right to the income from, the trust property, and all his right and power, whether alone or in conjunction with others, to designate the persons who shall possess or enjoy the trust property, or the income.

13. **SITUS**. This trust has been executed and delivered in the State of Massachusetts and shall be construed and administered according to the laws of that state. In witness whereof the Grantor and the Trustees have executed this Agreement in Massachusetts.

14. **SPENDTHRIFT PROVISION.** A beneficiary may not sell, pledge or otherwise transfer any part of his or her interest in this trust (except to the trustee as security for a loan or advance from the trust), and the trustee shall not recognize any such other transfer attempted. The interest of a beneficiary in this trust shall not be subject to be taken by his or her creditors (other than the trustee in its capacity as trustee of this trust) by any process whatsoever.

*/s/ Renee Messana*
Grantor:  Renee Messana as Next Friend of Ariana Messana and Raymond Messana

*/s/ Paul Messana*
Grantor:  Paul Messana as Next Friend of Ariana Messana and Raymond Messana

*Renee Messana*
Trustee:  Renee Messana


*Paul Messana*
Trustee:  Paul Messana

## SCHEDULE A

## MESSANA FAMILY TRUST:  PROPERTY

$58,565.28  per Settlement Agreement entered into on December 20, 2006 by Paul Messana, individually, and as parent and next friend of Ariana Messana and Raymond Messana and Renee Messana, individually, and as parent and next friend of Ariana Messana and Raymond Messana.